NICHOLS *against* ALSOP.

A claim not made or adjudicated upon, at the trial, is not a ground for a new trial.

Where the defendant in an action of *assumpsit* for moneys advanced for the building of a vessel, offered in evidence a paper purporting to be the plaintiff's account with such vessel, which was in the hand-writing of the plaintiff, but was not signed by him; and the plaintiff objected to its being received, for the want of such signature or proof of delivery; it was held, 1. that the paper was sufficiently authenticated to make it evidence; 2. that the possession of the account by the defendant, raised a presumption, (which must prevail until repelled,) that it was rendered by the plaintiff, and that it came properly into the defendant's hands.

Where a vessel was built under a contract between *A*, *B* and C, that they should, respectively, bear certain proportions of the expense, and own in like proportions; and while she was unfinished and in the hands of the builders, who had a lien upon her for labour and materials, *B* fraudulently gave a bill of sale of one half of her to *D*, and the proceeds of the sale were no more than sufficient to discharge the lien of the builders; in an action for moneys advanced, brought *B* against *D*, it was held, that *B*, at the time of the sale, had no interest in the vessel beyond the advancements made by him, and consequently, he became indebted to *D* to the amount of the difference between the consideration paid by *D* for one half of the vessel and the advancements made by *B*; and there being an agreement between *D* and *B*, that such indebtedness should be applied in satisfaction of the demands of *B* against *D*, which were the subject of the suit, *D* was entitled to a verdict.

THIS was an action of *indebitatus assumpsit*. A concise statement of the declaration appears in 9 *Conn. Rep.* 358.

The defendant pleaded *Non assumpsit*, with notice that he should give the following special matter in evidence: That it was understood and agreed between *Bull & Nichols* and the defendant, that all the sums of money advanced, as stated in the declaration, were advanced by *Bull & Nichols*, on account of moneys due from them to the defendant; and that after said sums of money were so advanced, *Bull & Nichols* still remained indebted to the defendant in a large balance; and that it was by reason of the indebtedness of *Bull & Nichols* to the defendant, and for the purpose of satisfying the same, that they

advanced any of the moneys in the declaration mentioned; and that it was mutually understood and agreed between *Bull & Nichols* and the defendant, that the moneys by them respectively advanced were to be applied in such manner, that no other indebtedness should accrue thereby, than such as should remain after deducting the advances made by one party from the advances made by the other party; and that after all the advances were made by *Bull & Nichols*, nothing was due from the defendant to them; but on the contrary, a large sum remained due, pursuant to said understanding and agreement, from them to him.

The cause was tried at *Haddam, August* term, 1833, before *Bissell*, J.

The plaintiff having offered evidence to prove the several items specified in his bill of particulars, the defendant offered evidence to prove the understanding and agreement stated in his notice. There were two questions of fact submitted to the jury: the first, whether *Bull & Nichols* were indebted to the defendant, as stated in the notice; and the second, whether the understanding and agreement mentioned therein, were proved.

In order to prove the indebtedness claimed by the defendant, he exhibited an account between him and *Bull & Nichols*, the contract under which the vessel was built, (stated in 6 *Conn. Rep.* 478.) and a bill of sale of one half the vessel from *Bull & Nichols* to the defendant, accompanied with evidence to shew, that the charge by *Bull & Nichols* to the defendant of 1500 dollars, for one half of the vessel, and the bill of sale and the building contract, all related to one and the same vessel, called the *Gipsey*. As to the charge of 1500 dollars, the defendant insisted, and offered evidence to prove, that at the time of executing the bill of sale and making the charge, the vessel was unfinished and in the hands of the builders, who had a lien thereon for their labour and materials furnished; and that *Bull & Nichols* were not to be entitled, under the contract, to more than three eighths of the vessel; all which was well known to them, but unknown to the defendant; that they defrauded the defendant in the sale of the vessel; that the only sum ever advanced by them towards the vessel, was 327 dollars, 17 cents; that it was never given up, by the builders, but was sold, by them, for 6000 dollars, to defray their charges;

and that the proportion thereof, to which *Bull & Nichols* were entitled, did not exceed said sum of 327 dollars, 17 cents ; that on these grounds, *Bull & Nichols* had no title to the vessel, when the bill of sale was given ; that the sale was void and the charge of 1500 dollars erroneous ; that at any rate, *Bull & Nichols* were entitled to claim no more against the defendant, in consideration of the sale of the vessel, than said sum of 327 dollars, 17 cents ; and that by reducing the charge of 1500 dollars to that sum, a balance would be due to the defendant.

The plaintiff, on the other hand, denied that there was any fraud in the sale of the vessel ; but insisted, that *Bull & Nichols,* by mistake, sold the defendant half of the vessel, when they owned only three eighths thereof, and only one eighth of the charge of 1500 dollars ought to be deducted therefrom.

Among other evidence to prove, that *Bull & Nichols* had advanced towards the vessel no more than the sum of 327 dollars, 17 cents, the defendant offered their account against the vessel, in their own hand-writing ; to the admission of which the plaintiff objected, on the ground that it was not signed by them. The court overruled the objection, and admitted it. The defendant also introduced sundry witnesses, who testified, that the sum stated in the account, was all which *Bull & Nichols* ever advanced on the contract to build the vessel.

The plaintiff also introduced evidence to prove, that *Bull & Nichols* took possession of the vessel before the bill of sale was made to the defendant, and thereby destroyed the lien of the builders thereon. The defendant denied this ; and adduced evidence to prove the contrary.

The judge charged the jury, that if they should find, that at the time the bill of sale was executed, the vessel was unfinished, and in the hands of the builders, and they had a lien upon her for their labour and the materials furnished by them, *Bull & Nichols* had no interest in her beyond the advancements made by them towards the building of her ; and if they should further find, that *Bull & Nichols* knew this, and the defendant was ignorant of it, and that they thus defrauded the defendant, in the sale of the vessel ; and that the proceeds of the vessel amounted to no more than sufficient to discharge the lien of the builders thereon ; they might find, that *Bull & Nichols* were indebted to the defendant to the amount of the

*Middlesex,*
July, 1834.
———————
*Nichols*
*v.*
*Alsop.*

difference between the consideration paid by him, for one half of the vessel, and the advancements made by them towards the building; and that if they should further find, that there was an agreement between the parties, that such indebtedness should be applied to the demands of the plaintiff in this action and in satisfaction thereof, they ought to find a verdict for the defendant.

The jury returned a verdict for the defendant; and the plaintiff moved for a new trial, upon exceptions to the interlocutory decision of the judge and to the charge.

*Stanley* and *Storrs,* in support of the motion, contended, 1. That the paper offered by the defendant, was inadmissible; first, because it was not authenticated or adopted by *Bull & Nichols;* secondly, because there was no evidence to shew, that they had delivered it to the defendant as their account, or that the defendant had, in any proper way, got possession of it.

2. That the charge to the jury was a misdirection.

First, the vessel was built by contract; by which, and by which alone, the respective rights of the parties were defined and secured. The court ought, therefore, to have charged the jury, that the building contract was the only rule, by which the interest of the several owners in the vessel could be determined; that they were tenants in common in proportion to their several interests; that one eighth of the stipulated price, and no more, ought to be deducted for defect of title; and that the expenses incurred subsequent to the sale, and the avails of the vessel, when sold by the builders, and how disposed of, were questions between the builders and the defendant, or his assignee, but could not affect the contract between *Bull & Nichols* and the defendant.

Secondly, the contract prescribes no lien or security for the parties who should advance their shares, or comply with its requirements, but contains stipulations inconsistent with the existence of a lien; and so the court ought to have charged the jury.

Thirdly, admitting that a lien might exist, and that the interest of the several parties to the contract in the vessel might be increased or diminished, by the amount of the advancements, the jury ought to have been charged, that unless they should find, that *Bull & Nichols,* before or at the time of the sale to

*Middlesex,*
July, 1834.

Nichols
*v.*
Alsop.

the defendant, had failed to furnish, do or pay something required by the contract, they ought to find, that *Bull & Nichols* were entitled to the proportion stipulated by the contract, *viz.* three eighths ; and that, if they had so failed, the deduction to be made from the price paid by the defendant, ought to be equal to such deficiency.

Fourthly, if the defendant never paid 1500 dollars, nor any other sum, for the interest of *Bull & Nichols* in the *Gipsey,* as the plaintiff claimed, the matters submitted to the jury were immaterial; because, if found for the defendant, they did not conduce to prove any indebtedness of *Bull & Nichols* to the defendant, without proof of payment, by the defendant, of the price of the *Gipsey,* concerning which no directions were given.

*Sherman* and *Barnes,* contra, insisted, 1. That the account of *Bull & Nichols,* in their hand-writing, was evidence against the plaintiff. Whether signed by them or not, it was their *act.* But the co-partnership name, placed at the head of the account, is a *signing.* It would be sufficient, if the question arose under the statute of frauds. 2 *Stark. Ev.* 605. The evidence arising from the paper was corroborated, on the trial, by the testimony of witnesses ; and the whole was properly left to the jury.

2. That the charge was unexceptionable.

First, the unfinished state of the vessel, and the lien of the builders upon it, at the time of the sale, being found, it follows, necessarily, that *Bull & Nichols* had no interest in the vessel beyond their advancements. *Nichols* v. *Alsop,* 6 *Conn. Rep.* 479.

Secondly, the jury have found the facts on which the permission of the court to find the indebtedness, was based. As the contract was not one of hazard, this permission was correct.

Thirdly, the jury have found an agreement between the parties, by which the indebtedness of the plaintiff was to be applied in satisfaction of his demands in the present action.

Fourthly, these matters were in issue under the notice ; and being thus submitted and found, the merits of the cause are decided against the plaintiff; and there is no ground for disturbing the verdict.

*Middlesex,*
*July,* 1834.
<br>Nichols
<br>*v.*
<br>Alsop.

BISSELL, J. Two questions have been raised upon this motion ; the one regarding the admissibility of the evidence offered and admitted in the court below ; the other respecting the correctness of the charge.

1. The evidence offered and objected to, was a paper, purporting to be the account current of *Bull & Nichols* with the schooner *Gipsey.* The testimony was not objected to, on the ground that it was irrelevant ; but on the ground that the paper was not properly authenticated, not being signed by *Bull & Nichols.* But it purported to be their account, and was in the hand-writing of one of the partners. This is sufficient ; and the objection has not here been much insisted on.

It is however said, that there was no evidence going to show, that the account was rendered by *Bull & Nichols ;* or that it came lawfully into the hands of the defendant. To this it is sufficient to observe, that the possession of the account, by the defendant, raises a presumption, not only that it was rendered, but that it came properly into his hands. And this presumption must prevail, unless repelled. And it may be further remarked, that the presumption arising from the possession of the paper, was corroborated, by the other testimony offered on the trial ; and the whole was properly submitted to the jury.

There is, then, no foundation for the objection to the evidence ; and there is as little for that against the charge, on the facts which were in issue, in the court below.

Two questions were presented to the consideration of the jury : 1st, whether *Bull & Nichols* were indebted to the defendant, as stated in his plea and notice ? and 2ndly, whether the understanding and agreement mentioned therein, were proved ? These questions were distinctly put to the jury, by the charge ; and have been answered, by the verdict.

It is, however, insisted upon here, that the principles asserted in the charge, with regard to the lien of the builders of the schooner *Gipsey,* for their labour and disbursements, are incorrect. For it is said, that by the terms of the building contract, which makes a part of the case, no such lien could have existed. It is a sufficient answer to this claim, that it is here made, for the first time. No such question was either made or adjudicated upon, in the court below. *Hayden &* al. v. *Nott & al.* 9 *Conn. Rep.* 367.

Indeed, the existence of the lien, so far from being denied,

was impliedly admitted; for it was contended, that *Bull & Nichols* having taken possession of the vessel, previous to the execution of their bill of sale, the lien of the builders was thereby discharged.

But the inquiry whether the builders had a lien upon this vessel, would seem to be very immaterial; it being admitted, that she remained in their hands, and was eventually sold by them; and it being further admitted, that she was sold for no more than enough to cover her building expenses.

The question then was, what was the interest of *Bull & Nichols* in this vessel, at the time of the sale to the defendant? And here it is sufficient to observe, that this precise question was determined, and every principle laid down in the charge fully sanctioned, by the Supreme Court, on a former trial of this case.  6 *Conn. Rep.* 477. 479.

Again; it has been urged, that the defendant never paid 1500 dollars, nor any other sum, for *Bull & Nichols'* interest in this vessel; and that the question of payment was not properly left to the jury.   It is very difficult to see on what foundation this objection rests.   There is no pretence, that this was a bargain of hazard; and a recurrence to the charge will satisfactorily show, that the jury must have found, not only that the consideration was paid by the defendant, but also an agreement between him and *Bull & Nichols*, that the difference between the consideration *so paid*, and their actual interest in the vessel, should be applied in extinguishment of their demand.

The rule must be discharged.

The other Judges were of the same opinion, except PETERS, J., who was absent.

New trial not to be granted.