Sharp *against* Lockwood.

Though no definite rule can be given as to the length of time which consti- tutes " reasonable notice" of the taking of a deposition, within the statute ; and much must depend upon the circumstances of each particular case ; yet the legislature intended, that such notice should be given as would af- ford a fair opportunity to cross-examine the witness.

Therefore, where a deposition was taken, at the request of the plaintiff, in the city of *New-York ;* and the only notice given, was, by leaving at the store of the defendant's agent, at half past 2 o'clock in the afternoon, a copy of a written notice that the witness would be examined at half past 3 o'clock, that afternoon, at a place about half a mile from such store ; the agent himself did not attend, but his son was sent to procure a postponement, and objected to the taking of the deposition for want of reasonable notice, he knowing nothing of the matter, and not having had time to obtain coun- sel ; the postponement sought was refused, the only reasons assigned for such refusal, being, that the plaintiff's counsel intended to leave the city the next day, and the witness was in a declining state of health, though there was no reason to suppose that his testimony could not have been pro- cured on a subsequent day ; it was held, that the " reasonable notice" which the statute requires, was not given.

Though the court to which a deposition is addressed, may decide, definitive- ly, upon the question, whether reasonable notice of the taking was given, as a question of fact ; yet it may, with propriety, especially, in cases of doubt and difficulty, state the circumstances attending the notice, and reserve the question of its sufficiency, for the consideration of the higher court.

This was an action of trespass *de bonis asportatis ;* tried at *Fairfield, April* term, 1837, before *Williams,* Ch. J.

The defendant claimed to have taken the goods mentioned in the declaration, as deputy sheriff, by virtue of a writ of at- tachment in favour of *John C. Morrison* against *Sharp & Whitcomb ;* and the principal question, on the trial, was, whether the goods were the property of the plaintiff, or of *Sharp & Whitcomb.*

In support of the plaintiff's claim, he offered the deposition of *George Sharp,* one of the firm of *Sharp & Whitcomb.* The defendant objected to its admission in evidence, on the ground that due notice of the taking of it was not given. The deposition was taken in the city of *New-York,* on the 2nd of *September,* 1835. At about half past 2 o'clock, *P. M.* of that day, a notice in writing to *John C. Morrison,* agent of the defendant, that *George Sharp* was to be examined, as a wit- ness in this cause, that day, at $88\frac{1}{2}$ *Hudson* street, at half past 3 o'clock, *P. M.* was served, by delivering a copy thereof to

*Christian B. Morrison,* at the store of *John C. Morrison,* about half a mile distant from the place appointed for taking the deposition. At the same time, or soon afterwards, *John C. Morrison* was verbally apprized of the time and place of taking the deposition. He did not attend; but *Christian B. Morrison,* his son, was present, and objected to the taking of the deposition, at that time, on the ground that reasonable notice had not been given; he having been sent to get a postponement of the taking, as he knew nothing of the matter himself and had not time to procure counsel. It was not claimed, that *John C. Morrison,* or his son, was a professional man; or that the defendant had any counsel in the state of *New-York.* But the plaintiff claimed, that his counsel was then in *New-York,* and intended to leave the city the next day; and that *George Sharp,* the deponent, was sick and in a declining state of health. Still there was no reason to suppose, that his testimony could not be procured at a future day.

Under these circumstances, the Chief Justice decided, that reasonable notice of the taking of the deposition was not given; and, on that ground, rejected it. The defendant obtained a verdict; and the plaintiff moved for a new trial.

*Sherman,* in support of the motion, contended, 1. That sufficient notice of the taking of the deposition was given, to render it admissible. The notice was served one hour before the time of caption, and the distance was half a mile. And that *John C. Morrison* had *actual* notice, is evident from the fact that he *sent* his son to procure a postponement. In the absence of special reasons to the contrary, this would, unquestionably, be "reasonable notice." What special reasons are there here? None, except that the agent had not time to procure counsel. But, in the first place, professional assistance was unnecessary; as the deposition was not concerning a matter of law, but of *fact.* Secondly, no attempt was made to obtain counsel; nor was there any difficulty in finding one. Thirdly, it does not appear, that the plaintiff objected to a postponement to any time during the day; and the defendant's agent, in that case, might have had more than five hours before 9 o'clock, to procure and instruct counsel. Finally, the conduct of the plaintiff, in taking the deposition, appears to

have been fair ; and the court ought to lean in favour of admitting it.

2. That this is not a matter of discretion merely, such as cannot be reviewed, but a question of law. The facts are found ; and no review of *them* is asked. But the plaintiff claims, that the court below, in deciding that, upon these facts, the notice was not sufficient, mistook the law.

*Betts* and *Hawley,* contra, contended, 1. That if the decision can be reviewed, it was correct. In the first place, the notice, aside from the time, was insufficient. It should be personal, except where the person is absent ; and in that case, it should be at the place of his usual abode. But here, the notice was by copy, when it might have been given to the defendant's agent personally ; and the copy was not left at his usual place of abode. Secondly, the time allowed was too short, affording no opportunity to procure professional assistance, or to make any sort of preparation. Nor was there any necessity for taking the deposition at that time. Though the deponent was in feeble health, there was no immediate danger. The postponement asked for was perfectly reasonable.

2. That the decision cannot be reviewed. It was, so far as regards the reasonableness of the notice, a mere question of *fact,* to be definitively settled by the court,—not a question of law. The court has found, that reasonable notice has not been given. This decision can no more be reviewed than a decision granting or refusing a new trial ; (*White* v. *Trinity Church,* 5 *Conn. Rep.* 187. *Magill* v. *Lyman* & al. 6 *Conn. Rep.* 59. *Kimball* v. *Cady, Kirb.* 41. *Granger* v. *Bissell,* 2 *Day,* 364. *Lewis* v. *Hawley,* 1 *Conn. Rep.* 49.) or a continuance ; (*Woods* & al. v. *Young,* 4 *Cranch,* 237.) or permitting a leading question ; (*Stratford* v. *Sanford,* 9 *Conn. Rep.* 275. 284.) or granting or refusing an amendment ; (*Walden* d. *Denn* v. *Craig,* 9 *Wheat.* 576. *Chirac* & al. v. *Reinicker,* 11 *Wheat.* 280. *Merriam* v. *Langdon* & al. 10 *Conn. Rep.* 460. *Mellish* v. *Richardson,* 9 *Bing.* 125. 23 *Serg. & Lowb.* 276.) or on a non-suit. *Evans* v. *Phillips,* 4 *Wheat.* 73.

WAITE, J. On the trial of this cause, the plaintiff offered in evidence the deposition of *George Sharp,* which the court be-

Fairfield,
June, 1837.

Sharp
v.
Lockwood.

low rejected, upon the ground that reasonable notice had not been given of the time of taking it.

The statute of this state, authorizes the taking of depositions, in certain cases, " provided reasonable notice shall be given to the adverse party, or his known agent or attorney, if either of them live within twenty miles of the place of caption, or left at his usual place of abode, to be present at the time of taking such deposition." *Stat.* 47. *tit.* 2. *c.* 1. *s.* 44.

From the motion, it appears, that the deposition was taken in the city of *New-York*, and that the only person notified was *John C. Morrison*, the agent of the defendant. About half past 2 o'clock in the afternoon, he was notified, that the witness would be examined that afternoon, at half past 3 o'clock, at a place about half a mile from *Morrison's* store, where he was, when the notice was given. *Morrison* himself did not attend ; but his son was present, and objected to the taking, for want of reasonable notice, and informed the magistrate, that he himself knew nothing of the matter, but was sent to procure a postponement, as sufficient time had not been allowed to procure counsel. It does not appear that there was any postponement. The only reasons assigned for the haste in taking the deposition, were, that the plaintiff's counsel intended to leave the city the next day, and that the witness was sick and in a declining state of health ; but there was no reason to suppose that his testimony might not have been procured on a subsequent day.

The question for this court, is, whether upon these facts, that *reasonable notice* was given, which the statute requires ; and we are satisfied that it was not.

The legislature have not thought proper to prescribe what length of time the notice shall be given before the taking of the deposition, as they have done in relation to the service of civil process ; but have simply directed, that " reasonable notice" shall be given. As to the length of time which shall constitute such notice, no definite rule can be given. Much must depend upon the circumstances of each particular case. The legislature undoubtedly intended, that such notice should be given, as would afford a fair opportunity to cross-examine the witness. One hour's notice, given as it was, to an agent, during the business hours of the city, to make the necessary arrangements for such an examination, in our opinion, was man-

ifestly insufficient. Besides, the agent requested a postponement, to enable him to procure counsel. It seems, the plaintiff's counsel was in attendance; and the request on the part of the defendant, was not unreasonable. A suitable time ought to have been allowed for the purpose for which it was asked.

It has been urged, that the question whether reasonable notice was given, is a question of *fact*, which has been decided in the court below, and cannot be reviewed here. Had the motion merely stated, that the deposition was rejected because reasonable notice had not been given, without any report of the evidence, it is obvious, there would be nothing for us to review. But the motion presents the facts and circumstances attending the notice; and the question is, whether a correct inference was drawn. The court below was under no obligation to adopt this course. But at the same time, we see no impropriety in adopting it, in cases of doubt or difficulty. It is in conformity with the practice in other cases. Thus, where a deed has been lost, and secondary evidence of the contents is offered; the court cannot admit the secondary evidence, without finding the fact of the loss. The question respecting the loss is often reviewed in the higher court. *Renner* v. *Bank of Columbia*, 9 *Wheat.* 481. *Winn* & al. v. *Patterson*, 9 *Peters*, 664. *The King* v. *The Inhabitants of East-Farleigh*, 6 *Dowl. & Ryl.* 147. (16 *Serg. & Lowb.* 258.) *Freeman* v. *Arkell*, 2 *Barn. & Cres.* 494. (9 *Serg. & Lowb.* 159.) *Hathaway* v. *Spooner*, 9 *Pick.* 23.

It is desirable that the rules respecting the admission and rejection of testimony, should, as far as practicable, receive an uniform construction. This object is best attained, by reserving questions of doubt and difficulty, for the consideration of the higher court. No reasonable objection can be made to this course, upon the ground that the question involves a question of fact; as where the question is, whether reasonable notice has been given, or due diligence used in searching for a lost deed. The court can state the evidence respecting the notice, or the search, and reserve the question respecting the sufficiency of that evidence, for the advice of the higher court.

Whether the case under consideration, was a proper one to be reserved for this court, was a matter within the discretion of the judge on the circuit.

*Fairfield,*
June, 1837.

Sharp
*v.*
Lockwood.

We are therefore satisfied, that the decision of the superior court, in rejecting the deposition, was right; and consequently, a new trial must be denied.

In this opinion the other Judges concurred.

New trial not to be granted.