## FLINT *against* CLARK.

In an action of slander, the plaintiff may prove ambiguous words, requiring explanation by reference to some extrinsic matter to make them actionable, without shewing, by averment and *colloquium,* that such extrinsic matter existed, and that the words in question were spoken of and concerning that matter, where such proof is offered, not in support of the action, as proof of the words charged in the declaration, but merely to shew the malice of the defendant in speaking the words so charged.

On a motion for a new trial, a party cannot avail himself of any ground of objection to evidence which was not made at the trial.

Evidence of a conversation between the plaintiff and defendant, having been received without objection, in which conversation the defendant said, that the plaintiff was guilty of all that was charged in a certain writ brought by the plaintiff against the defendant's daughter, the plaintiff offered such writ in evidence, for the purpose of shewing what were the slanderous words specified in it; the defendant objected to its admission, on the ground that it was not proved that he had ever seen it or knew its contents; but the court, considering

the knowledge of the defendant sufficiently proved, admitted such writ; it was held, that the evidence to establish the preliminary fact not having been reserved, and its reservation being a matter of discretion, the point could not be re-examined here, and the objection made at the trial failing, a new trial would not be granted because the evidence admitted was objectionable on other grounds.

Where the court, in submitting to the jury an action of slander, imputing unchastity to the plaintiff, instructed them, that if they should find a verdict in her favour, the rule with respect to damages was, to give such as were commensurate with the injury sustained by the acts charged and proved against the defendant; that if the plaintiff was an innocent and virtuous female, and her character had been destroyed, by the slanders of the defendant and others, they might give liberal damages; but if the plaintiff had so destroyed her character, by her own lewd and dissolute conduct, as to have sustained no injury from the words spoken by the defendent, they might give only nominal damages; it was held, that this was not a mis-direction.

THIS was an action of slander. There were several counts, in each of which the words charged imputed unchastity to the plaintiff. The last count was as follows: That at *Hampton*, on the 1st of *December*, 1835, in a certain discourse which the defendant then and there held with the plaintiff, in the presence and hearing of divers good citizens of this state, he, the defendant, speaking of and concerning the several scandalous and defamatory charges against the plaintiff in the preceding counts in this declaration specified, and of the fact, that a certain other person, then and there named, had spoken of and concerning the plaintiff, that she had been guilty of fornication, that she had been pregnant with a bastard child, and that she had been diseased with the venereal disease, addressing his discourse to the plaintiff, did speak, utter and publish the following false, scandalous and defamatory words, to, of and concerning her, the plaintiff, to wit, "The charges against you [meaning &c.] were true, and you know them to be true;" [thereby meaning &c.]

The cause was tried at *Brooklyn*, *January* term, 1839, before *Waite*, J.

On the trial, the plaintiff, to prove the speaking of the words, by the defendant, as charged in the declaration, introduced her mother, *Eunice Flint*, and her sister, *Eunice Flint*, jun., who testified, that on the first of *January* 1836, the defendant came to the house of the plaintiff's father, and there held a conversation with the plaintiff, her mother and sister;

and in the course of the conversation, among other things, he said, while speaking of a certain action of slander which the plaintiff had previously brought against the defendant's daughter, *Amanda Hall*, that the plaintiff had sued his daughter for 3000 dollars, had afterwards offered to settle for 300 dollars, and had finally settled for nothing; that the plaintiff was guilty of all that was in that writ; that he knew it, and the plaintiff knew it; that the plaintiff having said, alluding to that suit, that *Amanda Hall* had charged her with the three worst crimes of which a female could be accused, the defendant replied, that the plaintiff was guilty of those charges, and that witnesses were ready to come into court and testify that the plaintiff had had the venereal disease.

The plaintiff also introduced her father, *Nathaniel Flint*, who testified, that a few days prior to that conversation, the defendant was present, when a settlement of the suit against *Amanda Hall* was made, and then, among other things, said, that Capt. *Burnham*, who had given bond for prosecution in that suit, would never have given bond, if he had known how guilty she was. The defendant objected to the admission of this testimony of *Nathaniel Flint;* but the court permitted it to go to the jury.

The plaintiff thereupon, for the purpose of shewing what slanders were charged in the suit against *Amanda Hall*, offered in evidence the writ in that suit. To the admission of this the defendant objected, on the ground that it was not proved that the defendant had ever seen the writ, or knew its contents. The court overruled this objection, and admitted the evidence. It appeared, that the writ was made returnable to the county court of *Windham* county, in *December* 1835, and that the slanderous words charged in the declaration in that suit, were of the same tenor and effect with those charged in the present action.

The plaintiff having proved, that the defendant uttered the words, as set forth in her declaration, the defendant introduced no evidence on his part, except as to the general character of the plaintiff for chastity. But upon this point the defendant introduced a great number of witnesses, who testified, that for several years past, her character had been bad; that she was reported to be a lewd and dissolute woman: some of them testified, that she sustained the character of a com-

*Windham,*
*July, 1839.*

Flint
*v.*
Clark.

mon prostitute ; and many of them testified, that her charac-
ter was bad two years before the alleged slanders of *Amanda
Hall* were uttered. The plaintiff, on the other hand, intro-
duced a number of witnesses, to prove, that she had ever sus-
tained a fair character, until the slanders of *Amanda Hall*
were published, for which the plaintiff had sued her; and
claimed to have proved, that her loss of character was owing
entirely to the slanders circulated by the defendant and his
daughter. There was no evidence that the defendant had
ever uttered the words set forth in the declaration, except at
the time mentioned by the plaintiff's mother and sister, and,
on the next day, in a conversation with her father. The de-
fendant thereupon claimed, that if the jury should find, that
the plaintiff's character was bad in point of chastity, before
and at the time the words were uttered by the defendant,
if they should find, that the words were uttered by him,
she ought to recover only nominal damages. But the court,
in submitting the cause to the jury, said to them, that if they
should find a verdict in favour of the plaintiff, the rule with
respect to damages, was, to give such as were commensurate
with the injury sustained, by the acts charged and proved
against the defendant ; that if they should find that the plain-
tiff was an innocent and virtuous female, and that her char-
acter had been destroyed, by the slanders of the defendant
and others, they might give liberal damages. But if they
should find, that the plaintiff had so destroyed her character,
by her own lewd and dissolute conduct, as to have sustained
no injury from the words spoken by the defendant, they might
give only nominal damages.

The jury returned a verdict for the plaintiff to recover 500
dollars damages ; and the defendant moved for a new trial,
for error in the admission of testimony, and for a mis-direction.

*Child,* in support of the motion, contended, 1. That the writ
in the suit against *Amanda Hall,* was not admissible under
the declaration in this suit. In the first place, it does not ap-
pear that the defendant ever saw the writ, or knew its con-
tents. Secondly, there is no averment of the existence of
any such writ, or that any words charged were spoken in ref-
erence to any such writ. The words are, " the plaintiff
sued for 3000 dollars, offered to settle for 300 dollars, and

settled for nothing; and that she was guilty of all that was in that writ." Now, it is clear that these words are not actionable of themselves. The actionable quality is derived from *extrinsic* circumstances, *viz.* the contents of the writ; and there is no *averment* of the existence of the writ, or of any *colloquium* to shew that the words were spoken in reference to it. *Rex* v. *Horne, Cowp.* 672, 684. *Barham's* case, 4 *Co.* 20. *Hawkes* v. *Hawkey,* 8 *East,* 427. *Van Vechten* v. *Hopkins,* 5 *Johns. Rep.* 211. *Genet* v. *Mitchell,* 7 *Johns. Rep.* 120. *Mix* v. *Woodward,* 12 *Con. Rep.* 262. *Bullock* v. *Coon,* 9 *Cowen,* 30. *Miller* v. *Maxwell,* 16 *Wend.* 1. *The Commonwealth* v. *Child,* 13 *Pick.* 198. *Bloss* v. *Toby,* 2 *Pick.* 320. 328, 9. 1 *Chitt. Plead.* 381.

2. That the testimony of *Nathaniel Flint* was inadmissible. First, the words "*Burnham* would not have given bond, if he had known how guilty you were," support no count in the declaration. Secondly, they are not actionable, except by their connexion with the extrinsic facts of a suit and a settlement, with respect to which there is no averment. Thirdly, if by proper averments they may be made actionable, they were inadmissible, because they may be made the ground of another suit ; and thus the plaintiff may recover damages twice for the same thing. Nor can they be received to increase damages. *Mix* v. *Woodward,* 12 *Con. Rep.* 262.

3. That the charge of the court upon the question of damages, was incorrect. First, because the plaintiff's character having been proved to be bad, two years before the slander uttered by the defendant, the jury were told, that if she lost her character, by the slanders of the defendant *and others,* she was entitled to liberal damages; the defendant thus being made responsible for the slanders of *others.* Secondly, because the right to a mitigation of damages, on account of the plaintiff's bad character, is made to depend upon the jury's finding that she lost her character by her own lewd and dissolute conduct, when by law no proof of such conduct was admissible. *Treat* v. *Browning,* 4 *Conn. Rep.* 408. *Mills* v. *Spencer,* 1 *Holt* 533. 2 *Stark Ev.* 878. Thirdly, because the effect of the charge is, to declare that a woman reputed to be a common prostitute, and sustaining, for two years before the slanders complained of, the character of a lewd and dissolute woman, is entitled

*Windham,*
*July, 1839.*

*Flint*
*v.*
*Clark.*

to recover the same measure of damages as a woman of unsullied reputation.

*Goddard* and *D. P. Tyler*, contra.

HUNTINGTON, J.    Several exceptions have been taken to the proceedings in the court below, which are now to be examined.

It is said, the testimony of *Nathaniel Flint* and the writ in the case of the plaintiff against *Amanda Hall*, should have been rejected.    The ground of the objection to the testimony of *Flint*, is not stated in the motion ; and the only reason there assigned for the rejection of the writ, is, that it was not proved that the defendant had ever seen it, or that he knew its contents.    It has been claimed, however, in this court, that the whole of this evidence was inadmissible, because there is no averment nor *colloquium* in the plaintiff's declaration regarding the writ, and without them the proof could not be received.    It is not necessary to controvert the position, that where the words spoken, which are the foundation of the action, are ambiguous and equivocal, and require explanation, by reference to some extrinsic matter, to make them actionable, it must be predicated, not only that such matter existed, but also, that the words were spoken of and concerning that matter.    In the present case, the testimony of *Flint* was received, as we are informed by the judge who tried the cause, (and the motion does not state nor intimate that it was offered for any other purpose than that for which he admitted it) not in support of the action, as proof of the speaking of the words charged in this declaration, but merely to shew the malice of the defendant in speaking the words so charged, and which, it is to be presumed, were proved by other evidence.    As it was, in effect, a repetition of the same slander set forth in the declaration, (the words in the suit against *Amanda Hall*, being, as the motion states, of the same tenor and effect with those charged against the defendant,) it was admissible to shew malice.    We suppose this point was decided by this court, in *Mix* v. *Woodward*, 12 *Con. Rep.* 262.

The writ was introduced for the purpose of shewing what were the slanderous words specified in it, it being expressly

referred to, by the defendant, in his statement to *Flint*, and also in the conversation between himself and the plaintiff, her mother and sister, (which conversation, it is to be observed, was received as evidence without objection,) in the course of which and as part of it, the defendant said, " that the plaintiff was guilty of all that was in that writ ; that he knew it, and the plaintiff knew it ;—that the plaintiff was guilty of those charges," referring to the charges in the writ. The only reason urged at the trial, in support of the objection to the reception of the writ as evidence, was, that it was not proved that the defendant had ever seen it, or knew its contents. The facts appearing on the motion, are sufficient to shew that the defendant knew the contents of the writ.

But had the evidence as to the knowledge of the defendant, been less conclusive than it was, we cannot re-examine this point. Whether the judge at the circuit, in a case where a question of fact is to be decided by the court, should reserve for the advice of *this* court, the question respecting the sufficiency of the evidence offered to prove the fact in dispute, is a matter entirely within his discretion. *Sharp* v. *Lockwood*, 12 *Conn. Rep.* 155. In this case, it has not been reserved. The ground of objection taken, for the first time, in this court, if it be tenable, we cannot regard. It was not made in the court below. If it had been, the plaintiff might have amended her declaration, so as to have let in the evidence, or have waived the introduction of it altogether. To allow the defendant to avail himself of a point not made nor decided at the trial, would pervert all the beneficial principles regulating new trials, and contravene the rule which was adopted to maintain those principles. *Regula Generalis*, 6 *Conn. Rep.* 327. *Lyon* v. *Summers*, 7 *Conn. Rep.* 399. *Russel* v. *Stocking*, 8 *Conn. Rep.* 236. *Nichols* v. *Alsop*, 10 *Conn. Rep.* 263. *Torrey* v. *Holmes*, *Id.* 499. *Brush* v. *Scribner*, 11 *Conn. Rep.* 388.

We do not, therefore, deem it necessary to express an opinion as to the correctness of the views submitted on this part of the case, to this court, but not alluded to in the court below, by the counsel for the defendant ; nor to examine particularly the numerous authorities cited in support of them ; for we think it quite clear, that upon the facts disclosed in the motion, the evidence was properly admitted, for the purposes for which it was offered and received.

*Windham,*
*July, 1839.*

*Flint*
*v.*
*Clark.*

The instruction to the jury upon the question of damages, is claimed to be incorrect. They were informed, that they should be commensurate with the injury sustained, by the acts charged and proved against the defendant. No exception is taken to this part of the charge. It is susceptible of none. It was insisted, however, at the trial, that the jury should be instructed, that if the plaintiff's character in respect to chastity, was bad before, and at the time when the words were spoken, they ought to give only nominal damages. This instruction was properly refused. It would have required the jury to have awarded nominal damages, even had they been satisfied that her reputation as to chastity had suffered solely in consequence of the previous wrongful acts of the defendant. Besides, there may be cases in which, although the plaintiff's general character is bad, by reason of his own misconduct, more than nominal damages may be given. If the defendant should spread a justification of the charge on the record, under circumstances which would satisfy the jury that it was done maliciously, and for the sole purpose of repeating the slander, in the most public manner, and in a form which would endure as long as the record in the case should exist, and fail to prove it, is there any rule of law, which *prohibits* the jury, in such a case, from giving more than nominal damages, because the plaintiff does not sustain an unblemished reputation? The instruction which was asked, moreover, involves another principle to which we do not yield our assent. It assumes, that a plaintiff in slander, never ought to recover more than nominal damages, if his general character is bad, whether the imputation be false or true; and that the same measure of damages is to be meted out to a plaintiff whose character has suffered from false and slanderous imputations, as to one whose character has been injured or destroyed by his own misconduct. We have no occasion to review the cases in this court, in which opinions have been expressed, that the defendant is at liberty to give in evidence, in mitigation of damages, the general bad character of the plaintiff in the particulars in which the defendant is charged with having assailed it; for it was admitted, without objection, in the present case, and went to the jury. Doubts as to the propriety of receiving it, have been suggested, by judges, in *Great-Britain* and elsewhere. *Foot* v. *Tracy,* 1 *Johns. Rep.* 44. 5 *Cow.* 499.

10 *Wend.* 119. *Jones* v. *Stevens*, 11 *Price* 235. It is, however, admissible, and is received, so that damages may be given for an injury to character, in proportion to its *worth ;* and therefore, is material only in ascertaining the extent of the injury which has been received. If this be the ground of its admissibility, it would seem to follow, that, notwithstanding the character of the plaintiff may be reputed to be bad, yet if the jury believe, that it has suffered, not from his fault, but from the slanders of others, he may be entitled, (although not always and under all circumstances,) to damages proportioned to the real worth of the character which he comes into court to vindicate. If damages should be assessed in reference to this principle, the defendant would not make compensation for the wrongs committed by *others*, (as has been intimated.) He would make satisfaction only for the injury he himself has done, by his unfounded calumny of an innocent person. Instead of remunerating the plaintiff, for the slanders of third persons, he would be precluded merely from availing himself of their wrongful acts, to excuse or extenuate his own. In accordance with these views, the jury were told, that if they should find, that the plaintiff was an innocent and virtuous female, and that her character had been destroyed by the slanders of the defendant, and others, they *might* give liberal damages : but that, if they found the plaintiff had so destroyed her character, by her own lewd and dissolute conduct, as to have sustained no injury from the words spoken by the defendant, they might give only nominal damages. This instruction was precisely adapted to the case, and has our entire approbation. It was only a repetition, in language less general than that which had been before used, by the judges, that the damages ought to be commensurate with the injury sustained by the acts charged and proved against the defendant. They were not *directed* to give liberal, or nominal damages ; but were informed that they might give the former, if, in view of all the circumstances of the case, they should find, that the plaintiff deserved them ; or the latter, if they should be of opinion, that by her own misconduct, she had established a reputation, for an injury to which, the smallest coin would be, with reference to the circumstances, an adequate compensation. The assessment of damages upon these principles, does perfect justice to both

13  370
69   40

*Windham,*
*July, 1839.*

Flint
*v.*
Clark.

parties.    It gives to the plaintiff a remuneration for the actual injury she has sustained ; it compels the defendant to requite the actual wrong he has inflicted.    We, therefore, do not advise a new trial.

In this opinion, the other Judges concurred.

New trial not to be granted.