Storrs, C. J.
It is a well settled rule of this court, first declared in 1826, and re-established in 1847, and to which we have tenaciously adhered, that, on a motion for a new trial, no questions shall be allowed to be raised or discussed which were not made or which were waived on the trial in the court below. As remarked in Torry v. Holmes, (10 Conn., 499,) this rule has been found essential to the preservation of the rights of parties and to the due administration of justice, and we are still disposed to adhere rigidly to it. Under this rule the defendant in this case can not be allowed to avail himself of the question first endeavored to be raised by him before us, whether it was competent for the plaintiff to prove the declarations made by Brown to Hill. No objection was made on the trial to the admissibility of those declarations, but the precise objection was to the nature of the proof by which they were proposed to be shown. It was only insisted by the defendant that they could not be proved by the testimony of Hill to whom they were made, *574 but must be proved by the testimony of Brown alone who made them. Not only, therefore, was the admissibility of those declarations, if properly proved, not a point raised by the defendant, but the objection to the character merely of the testimony offered to prove them was impliedly a waiver of any objection to their admissibility. A reference to the cases of Nichols v. Alsop, (10 Conn., 263,) and Flint v. Clark, (13 Conn., 361,) the latter of which is very similar to the present, will show that we have applied the rule which has been adverted to, more rigorously than would be requisite to preclude the objection of the defendant which we are now considering. Of that point, therefore, we take no further notice, and the only question left for us to consider on this motion is, whether it was competent for the plaintiff to prove those declarations by the testimony of Hill, who was present and heard them. We are not aware of any rule which confines the proof of declarations by a person in a conversation, to the person by or to whom they were made, or precludes proof of them by any person who heard them. The hearer had the same opportunity to know what those declarations were as the speaker, and is therefore equally competent to . testify to them. The evidence of the latter might, perhaps, be more satisfactory, but legally it is no better evidence than that of any other person who was present and- heard the declarations. The ruling on this point was therefore correct, and a new trial is not advised.
In this opinion the other judges concurred.
New trial not advised.