## T. & W. MILLER *v.* JOHN D. WOOD ET AL.

### *Evidence. Declarations of Third Parties. Hearsay.*

In order to lay the foundation for the introduction of the declarations of a person as evidence, that the fact is as such person declared it to be, it must be shown, that the person is dead, and that he had actual knowledge of the fact, which was the subject matter of the declaration, or that he had the means from which such knowledge could be inferred.

Whenever it is necessary to prove a declaration made by one person to another, there is no rule of evidence which confines the proof to the person who made the declaration. Any one who heard it had the same opportunity to know what it was, as the person who made it, and is as competent to testify to it, when the only purpose of the proof is to show what the declaration was.

ACTION of trespass *quare clausum*. Plea, the general issue, with notice of special matter. Trial by jury, March term, 1871, WHEELER, J., presiding.

The defendants had the right to cut timber on a lot known as the Harvey lot, which lay just east of and adjoining the plaintiff's lot.

The main question in issue was as to the location of the west line of the Harvey lot, which was the east line of the lot owned by the plaintiffs. The plaintiff claimed that the true S. W. corner of the Harvey lot was a *pine* tree, located some nine rods east of the point where the defendants claimed the corner of said lot to be. And the plaintiffs also claimed that a line running north from said pine tree was the true west line of the Harvey lot; while the defendants claimed that a line running north from the pine tree standing nine rods west of the first-named corner, was the true west line of said lot.

Upon the trial, the plaintiffs introduced David Miller as a witness — who, among other things, testified, that in the year 1825, when his father James Miller, and Ira Allen, and a Mr. Dobbin were engaged in cutting the pine timber from the lot now owned by Spencer Harvey, which was the Harvey lot, they having purchased all the pine timber on said lot from said Harvey, a dispute arose as to the location of the west line of the Harvey lot, and that he, by the direction of his father, procured one Spencer Macomber to go upon the lot and survey the west line thereof. It appeared that neither Spencer Harvey nor the owner of the lot upon which the alleged trespass was committed had notice of such survey, and that neither of them were present, nor did it appear that either of them ever knew that said survey was made, nor that said Macomber had ever previously surveyed said line. It appeared that Gaius Briggs, who had died before the time of the trial, then owned a part of the land now owned by the plaintiffs, lying near to the disputed corner and to a portion of the disputed line, and that said Briggs was present with Macomber and the witness on that occasion. The witness then proceeded to state what Macomber said at that time as to the location of the southwest corner of the Harvey lot. The defendants objected to the admission of the same, but the court overruled the objection and admitted the testimony as to what Macomber said to Briggs, and what Briggs said and did thereupon, for the purpose of ena-

bling the jury to ascertain what Briggs meant by what he said on that occasion ; and the witness testified as follows :

" I went and got Macomber and Briggs, and when we got on to the lot Macomber got off the sled and went to a pine tree and said to.Briggs, *this* is the southwest corner of the Harvey lot. They sent for father, and got Dobbin to mark the line, and we run a line clear through from the pine tree, and Dobbin marked every tree in the line. Briggs said that had always been the line, ever since he had known the grammar school lot. That part of the plaintiff's land then owned by Briggs was known as the grammar school lot."

The witness also testified that the pine tree pointed out by Macomber was the pine tree claimed to be the southwest corner of said lot by the plaintiffs.

It did not appear that the said Macomber had ever been the owner of either of the lots in question, or of any other lots affected by said lines ; nor did it appear that said Macomber was deceased.

In the charge, the court instructed the jury that what Macomber said was not evidence, because he said it, and that no weight was to be given to it only to understand what Briggs meant by what he said.

Verdict for the plaintiff, and exceptions by defendant to the admission of the testimony .objected to.

*H. G. Wood* and *C. H. Joyce*, for the defendant.

The testimony of David Miller, as to declarations made by Macomber, should have been excluded : 1. Because Macomber never owned or occupied either of the lots in question, nor any other land in the vicinity of the disputed line ; consequently, his declarations cannot be admitted under the rule which allows the declarations of persons in possession to be shown, as to the extent and boundaries of their possession. *Beecher* v. *Parmele*, 9 Vt., 352 ; *Carpenter, Adm'r*, v. *Hollister et al.*, 13 Vt., 552 ; *Davis* v. *Fuller*, 12 Vt., 178. 2. Because no great time had elapsed since said Macomber made the survey, and living witnesses could have been found besides Macomber. *Powers et al.* v. *Silsby et al.*, 41 Vt., 288. 3. Because there was no evidence that Macomber

was dead. *Warren* v. *McGarry*, 4 Vt., 507 ; *Wood et al.* v. *Willard et al.*, 37 Vt., 377 ; 1 Greenl. on Ev., § 103 and 145, ( note 1 ) ; Starkie on Ev., p. 47 ( note ) and 65 ; 1 Phil. on Ev., p. 183.

The error committed by the court in allowing improper evidence to go to the jury, is not cured by telling them in the charge that they must give it no weight. *Northfield* v. *Plymouth*, 20 Vt., 582 ; *Wood et al.* v. *Willard et al.*, 36 Vt., 82 ; *C. & P. R. R. Co.* v. *Baxter*, 32 Vt., 805.

*John Prout*, for the plaintiff, cited *Wood et al.* v. *Willard et al.*, 37 Vt., 377 ; *Powers et al.* v. *Silsby et al.*, 41 Vt., 288 ; *Kinney* v. *Farnsworth*, 17 Conn., 355 ; *Higley* v. *Bidwell*, 9 Conn., 447.

The opinion of the court was delivered by

ROYCE, J. If the declaration made by Macomber to Briggs, which the plaintiffs were permitted to prove, had been offered for the purpose of showing where the corner and line in dispute were, it would have been objectionable for the reasons suggested in argument :

1st. That it did not appear that Macomber was dead. 2d. That it did not appear that he had actual knowledge upon the subject, or any means of knowledge from which actual knowledge could be inferred. Both of these facts must be shown to lay the foundation for the introduction of this kind of evidence. *Wood et als.* v. *Willard et als.*, 37 Vt., 377 ; *Silsby et als.* v. *Powers et als.*, 41 Vt., 288.

No question was made as to the admissibility of what Briggs said in relation to the corner and line in controversy. And Macomber's declaration was admitted for the purpose of enabling the jury to ascertain what Briggs meant by what he said on that occasion. And the jury were instructed that no weight was to be given to this testimony, except for the purpose above indicated.

It is claimed that this evidence should have been excluded because it was hearsay, and that the declaration, if admissible, should have been proved by Macomber. But we do not think it comes within the rule which excludes hearsay evidence. When-

ever it becomes necessary to prove a declaration made by one person to another, there is no rule of evidence which confines the proof to the person who made the declaration. Any one who heard the declaration had the same opportunity to know what it was as the person who made it, and is as competent to testify to it. Ordinarily, it would be more satisfactory to call the person who made the declaration to prove it, but the party had the legal right to prove the declaration by any one who was present and heard it. These views are in accordance with the opinion given in *Wilcox v. Green*, 28 Conn., 572.

Judgment affirmed.