## JOSEPH HADLEY *v.* R. C. M. HOWE.

### *Traditionary Evidence of Boundary.*

One of the conditions upon which the declarations of deceased persons in relation to the location of boundary lines and monuments are received in evidence, is, that it shall be shown that they had knowledge of such lines and monuments at the time of making the declarations to be proved. But such knowledge cannot be shown by what they said; it must be proved by other means.

EJECTMENT. Plea, not guilty. Trial by jury, and verdict for the defendant, June term, 1873, Ross, J. presiding.

The only question was as to the location of the true line between the house-lots of the plaintiff and defendant, on Summer street, in the village of St. Johnsbury. Both parties derived title from Moses Kittridge, who died in January, 1873. The lines of both lots were surveyed in 1853, and all deeds since then followed the descriptions of that survey. The defendant was permitted, against the plaintiff's objection, to testify that after this suit was commenced, he met said Kittridge in the street one day, some dis-

tance· from the line in dispute, and not in sight of it, and asked him to go and look the lines of·said lots over, and see if the fences were in the right place; that afterwards he again met said Kittridge, who told him he had been to look at the lines, and that the fence between the plaintiff and defendant was all right. None of said conversation was in sight of the disputed premises; nor was there any other evidence of what Kittridge told the defendant. It was conceded that Kittridge helped set the stakes and make the survey when the lots were surveyed in 1853. Exceptions by the plaintiff.

*Belden & Ide* and *Elisha May*, for the plaintiff, cited 1 Phil. Ev. 181, 200, 226; 1 Greenl. Ev. §§ 145, 147; *Berkeley Peerage Case*, 4 Camp. 401, 411; *Luigh Peerage Case*, cited 1 Phil. Ev.· 224; *Smith* v. *Powers*, 15 N. H. 546; *Wood et al.* v. *Willard et al.* 37 Vt. 377; *Powers et al.* v. *Silsby et al.* 41 Vt. 288; *Miller* v. *Wood et al.* 44 Vt. 378.

*O. S. & C. C. Burke* and *Powers & Gleed*, for the defendant, cited 1 Smith Lead. Cas. 338, notes; *Sasser* v. *Herring*, 3 Dev. Law (N. C.), 340; *Great Falls Co.* v. *Worster*, 15 N. H. 412; *Smith* v. *Powers*, Ib. 546; *Adams* v. *Blodgett*, 47 N. H. 219; *Hinny* v. *Farnsworth*, 17 Conn. 355; *Wood et al.* v. *Willard et al.* 37 Vt. 377; *Powers et al.* v. *Silsby et al.* 41 Vt. 288.

The opinion of the court was delivered by

BARRETT, J. What a deceased person has said about a boundary with which he was familiar, has been permitted to be proved under certain fixed conditions. Those conditions are not to be proved by what he said; they are to be proved by other means. One of the conditions is, that it shall be shown that he had knowledge, both of the line and of the marks relied o·, at the time of the saying to be proved. In this case, the only evidence that he knew of, or had seen, the fence in question, was what he said, as testified by the defendant. If Mr. Kittridge and the defendant had been together on the premises, and the fence the subject of their observation; or if it had been shown that he had

built the fence ; or otherwise that he knew of its existence and location relatively to the two lots separated by the line in controversy ; one of the conditions of the admissibility of the evidence in question would have been established

The fact that Mr. Kittridge said to Howe, that he had seen the fence, was not evidence that he had in fact seen it. It was merely hearsay, without any of the reasons or conditions upon which such evidence is admissible.

The cases cited of *Wood* v. *Willard*, 37 Vt. 386 ; *Powers* v. *Silsby*, 41 Vt. 288 ; *Miller et al.* v. *Wood et al.* 44 Vt. 378, show the view in which the court regard sayings of deceased persons as proper evidence on questions of boundary, as marked by monuments. A recent case in Essex county, not yet reported, shows the same, and is to the same effect as those above named.

The judgment is reversed, and cause remanded.