LEVERETT L. PHELPS *vs.* JAMES HUNT.

Where an attorney sues upon a *quantum meruit* for professional services, his professional standing is a proper subject of inquiry as affecting the value of his services.

And the amount of his professional business may be enquired into, as tending to show his professional standing.

As the time of notice to be given on the taking of depositions has not been fixed by statute, each case must be governed by its own circumstances. A fair opportunity must be given to the opposite party to attend and examine the witness.

It is desirable that depositions be taken in vacation rather than in term-time, but circumstances may make it necessary to take them in term-time, and where such is the case, and the party taking them has acted fairly and in good faith, they should be received.

The rule that a deposition must be filed with the clerk of the court on the first day of the term, is not an inflexible one, and the court in its discretion may allow a deposition to be read which has not been so filed.

GENERAL ASSUMPSIT, to recover for services as an attorney, brought to the Court of Common Pleas of New Haven County, and tried to the jury before *Pardee, J.*

The following bill of particulars was filed in the case :

JAMES HUNT,

1870.                         To L. L. PHELPS, Attorney,    Dr.

| | | |
|---|---|---|
| May   6, | To services and advice from May 1st, . | $25.00 |
| "   10, | " advice and making papers of sale, . | 25.00 |
| "   12, | " service and advice, . . . | 25.00 |
| "   14, | " service and advice, . . . | 25.00 |
| "   15, | " preparing replevin notices and service, | 15.00 |
| "   " | " three writs of replevin, . . . | 8.00 |
| "   " | " one day to New Haven and services, | 15.00 |
| June   1, | " service in obtaining loan of money, . | 50.00 |
| "   3, | " advice how to manage defendant's partner, . . . . | 25.00 |
| "   " | " one day with creditors, . . | 15.00 |
| "   " | " retainer in three suits, . . . | 30.00 |
| July | " advice, . . . . . | 25.00 |
| " | " advice and papers for purchase of defendant's debts, . . . | 50.00 |

VOL. XL.—13

Phelps v. Hunt.

| August, | To services and advice to purchase defend- | | | | |
|---|---|---|---|---|---|
| | ant's debts, | . | . | . | . | 50.00 |
| " | " services in detecting defendant's | | | | |
| | partner's dealings, | | . | . | 25.00 |
| " | " services in purchasing defendant's | | | | |
| | debts, | . | . | . | . | . | 300.00 |
| | | | | | $708.00 |
| Cr. | By bill of shoes and cash, $ 90.00 | | | | |
| | note, 120.00 | | | | |
| | | | | | $210.00 |
| | | | | | $498.00 |

On the trial the plaintiff, who is an attorney at law, claimed to recover for professional services as set forth in his bill of particulars on a *quantum meruit*, there having been no special agreement relative to the amount of his compensation. The plaintiff having testified in his own behalf that the charges were reasonable, the defendant, for the purpose, as he claimed, of showing that the charges were much larger than the plaintiff's professional standing would warrant, asked him on cross-examination what was the amount of his professional income for the year in which he claimed to have rendered the services, and what the amount of his professional income for the year before and the year after, and whether he as attorney had the management of any causes in court. To these questions the plaintiff objected, and the court excluded them.

The defendant offered in evidence three depositions containing evidence material to his defence, and taken at Stafford, in this state, on the 14th day of December, 1872, at two o'clock in the afternoon, pursuant to a notice served upon the plaintiff at New Haven on the 9th day of December, and immediately after the plaintiff had filed his bill of particulars in the cause. The plaintiff was not present or represented at the taking of the depositions. On the 25th day of November, 1872, the cause was assigned for trial for the 5th day of December and on the 5th of December, was specially assigned for trial on the 23d day of December, and the depositions

were filed and opened by the clerk of the court on the 23d day of December, and before the commencement of the trial of the case. The plaintiff objected to the introduction of the depositions, on the ground of the want of reasonable notice, and because they were not filed on the first day of the term, and the court excluded them.

The plaintiff testified that, in the spring of 1870, the defendant was a boot and shoe dealer in Meriden, in partnership with one Holt, and was in embarassed circumstances; that the services rendered him by the plaintiff consisted in advising him to sell out his interest in the partnership, and this being done, in attempting to replevy the goods from certain attaching creditors by whom they were taken soon after the sale, and finally in advising a settlement with the creditors by paying them a percentage of their claims, and in giving advice, drawing papers, writing to and visiting the creditors. The defendant testified that the plaintiff's advice was injudicious, and injurious to his interests, and that his credit had been greatly impaired, and he had lost a large amount of property by pursuing the advice.

The jury returned a verdict for the plaintiff for the sum of $250, and the defendant moved for a new trial for error in the rulings of the court.

*Fairfield* and *Ballou*, in support of the motion.

*Baldwin*, with whom was *Phelps*, contra.

FOSTER, J. On this motion for a new trial, there are but two questions presented which we deem it necessary to consider :—

1. Was the testimony offered as to the professional standing of the plaintiff as an attorney at law, which was rejected by the court, properly admissible?

2. Ought the depositions offered by the defendant, which were ruled out by the court, having been objected to on the ground of the want of reasonable notice of the taking, and because they were not filed on the first day of the term, to have been received in evidence ?

As the manner in which we determine the first of these questions is decisive of this motion, we rest the decision of the case upon that question. We add a brief expression of our views as to the admissibility of the depositions to prevent litigation, as the points involved frequently arise in practice.

An action brought by an attorney at law to recover fees for professional services depends upon the same principles, and is governed by the same rules, that apply to other actions brought to recover for services rendered in any lawful employment. In the absence of a special contract the plaintiff is entitled to recover what he reasonably deserves to have. The value of professional services may depend, very considerably, upon the character and standing of him who performs them. In the first place, there are diversities of gifts; then the period of time passed in the profession, the experience acquired, the degree of skill, the faculty of using professional knowledge, make great differences in individuals. The services of some are worth more than the services of others because they will command more. Should a question arise as to the value of services, in an action brought by an attorney to recover fees, where the nature of the services performed makes the possession of certain qualifications to constitute an important element in the value of those services, evidence of professional standing is clearly admissible, and is entitled to much consideration. Such seems to have been the character of the case at bar. A large portion of the amount claimed is for advice. That the plaintiff's bill should have seemed large to this defendant, and on that account should have been objected to by him, is certainly not strange; it seems large to us. Looking at the time spent, and the character of the items, between seven and eight hundred dollars is a large charge; in the absence of explanation an exorbitant charge. The account runs over a period of some four months. The plaintiff seems not to have been called to court on behalf of the defendant in a single case, nor to have been called from his office but for two days, on one only of which was he called out of his town. For the first two months, May and

June, the entries show services performed on eleven different days. For the last two months, July and August, the particular days are not specified; there are two entries in July, three in August. What the amount of the defendant's business was, and how large the transactions were in which he was engaged, does not distinctly appear. He was a boot and shoe dealer at Meriden, and there seems no reason for supposing that his business was extensive or complicated.

Under all these circumstances, we think an inquiry as to the professional standing and eminence at the bar of the plaintiff, was a legitimate and proper one. The precise question proposed may be objectionable as to form, but we think that the amount of business done, perhaps the amount of income, certainly the amount of charges, may be made a subject of enquiry; although those facts do not, as was correctly claimed by the plaintiff's counsel, prove one's standing at the bar, yet they tend to prove it. In law as in war, success is one test of ability. The military man who wins many victories will be called an able general, and a lawyer who is pressed with professional engagements shows one of the incidents of legal eminence.

We think the evidence objected to was admissible. In the case of *Robbins* v. *Harvey*, 5 Conn., 335, a suit like this, brought to recover for professional services, the plaintiff offered evidence to show his standing in the profession. It was objected to, and admitted in the Superior Court. A motion for a new trial was made and granted, but on other grounds. The court, in the opinion given, took no notice of this question.

Upon the points made as to the admissibility of the depositions, we merely remark that, as the legislature has not determined what is reasonable notice, each case must, to a certain extent, be governed by its own circumstances. The opposite party must have a fair opportunity to cross-examine the witnesses. It seems to us that the notice in this case afforded such an opportunity, and that the objection, on that ground, to receiving them in evidence, should have been overruled. Nor do we consider the fact that they were not

filed in court on the first day of the term, a conclusive reason for their rejection.    An inflexible rule of that sort might work great injustice, and we should hesitate to adopt or recognize it.    It is desirable, certainly, that depositions should be taken in vacation, but circumstances may make it impracticable.    In such an event, if. the party has acted fairly and in good faith, we can readily imagine a case where a deposition could be properly taken after reasonable notice, though it were term time, and where justice would be promoted by allowing it to be read in evidence.    On the facts as detailed in this motion we incline to the opinion that this was such a case, and the motion states that these depositions contained evidence which was material to the defence.    We refer to *Sharp* v. *Lockwood*, 12 Conn., 158, and to *Masters* v. *Warren*, 27 Conn., 299, for a further expression of our views.

A new trial is advised.

In this opinion the other judges concurred.