### DAVID T. MORGAN vs. GEORGE JONES.

The statute with regard to the taking of depositions (Gen. Statutes, p. 436, sec. 4,) requires that they be "sealed up" by the magistrate taking them. Held that the sticking together by means of gum, of the envelope containing the deposition, was sufficient.

The statute does not prescribe the time within which a deposition shall be sealed up and returned to court, and what is a reasonable time must depend upon the circumstances.

A deposition to be used in this state by the plaintiff in the case, was taken before a magistrate in the state of New York in May, 1875, but was retained by him until the 6th day of March, 1876, when it was sealed up and the next day delivered to the clerk of the court, on which day the trial commenced. It appeared that the sole purpose for which it was retained and kept open by the magistrate was that certain documents attached to the deposition might be examined and referred to in another deposition in the same cause which the magistrate expected to take. It also appeared that the defendant was present with his counsel when the deposition was taken, that it had not been altered since taken, and that the defendant was not injured by the delay. Held that the delay was not a sufficient reason for rejecting the deposition.

Upon the mere question whether $A$ was at a certain time indebted to $B$, or $B$ to $A$, an enquiry as to the amount of property owned by $A$ is irrelevant.

ASSUMPSIT for money paid for the defendant and upon an account stated, held by the plaintiff by assignment; brought to the Superior Court in New Haven County, and tried to the court on the general issue, before *Martin, J.* Facts found, and judgment rendered for the plaintiff, and motion for a new trial by the defendant. The case is sufficiently stated in the opinion.

*S. E. Baldwin* and *J. H. Whiting*, in support of the motion.

*H. E. Pardee*, contra.

GRANGER, J. The first question presented by the motion is, whether the deposition of S. Ostrom was admissible in evidence. The deposition was taken at Poughkeepsie, N. Y., before a magistrate duly authorized to take depositions, on the 24th day of May, 1875. The adverse party was present in person, and with counsel. It was not filed in the Superior Court until March 7th, 1876, being the day on which the trial

took place.  It was inclosed in a large envelope, properly directed and endorsed, which was closed by gumming down the flap of the envelope, without the use of any wafer, or seal, and no other precautions were taken to prevent the envelope from being opened without authority.  It was thus secured by the magistrate on March 6th, 1876.  The magistrate had been requested to take the deposition of H. A. Nelson to be used in the same case, of which the defendant had notice, and was advised that it was important that Nelson should have an opportunity to see some of the exhibits attached to Ostrom's deposition at the time of giving his own; and Ostrom's deposition was retained and kept unsealed by the magistrate for this purpose, and no other.

The defendant objected to the admission of the deposition on the grounds, first, that it was not perfected, and returned to court in proper season; second, that it was not properly sealed, nor sealed at all.  The court overruled both objections, and admitted the deposition, which contained material evidence for the plaintiff.

We think the court decided correctly.  The statute relating to the taking of depositions prescribes no time within which a deposition shall be sealed up and returned to court.  Whether the time which this deposition was left open was reasonable or not, must depend mainly upon the facts and circumstances attending the taking, and whether any injury has been done the defendant by delay in returning the deposition.  *Phelps* v. *Hunt*, 40 Conn., 101, and cases there cited.  It appears that the defendant and his counsel were present at the taking of it, and of course must have known its contents; there is no pretence that any alteration was made in it after it was taken, nor that it was delayed or kept open for any improper purpose, nor that the defendant was in any way prejudiced by the fact that it was not returned to court till the day of trial.  This first ground of objection cannot be sustained.

And the second is equally untenable.  It is claimed by the defendant that the statute required that the deposition should be " sealed up" by placing upon it a wafer, wax, or some other

substance upon which the magistrate must impress a seal. We do not think the statute requires any such act to be done, but only that the envelope shall be securely closed, so as to prevent any improper inspection of the deposition before it is opened in court. Any mode that accomplishes this end, whether it be by sealing with wax, or by closing the flap of the envelope by means of gum, we think answers the requirement of the law at the present day; the necessity of using "seals" upon depositions, as understood and defined by the common law, having been dispensed with by statute, and by practice for a long time. Act of 1857, Revision of 1875, p. 438, sec. 17.

The suit is brought by the plaintiff as assignee and holder of a debt claimed to be due from the defendant Jones, to Shepard Ostrom. The debt, if any, arose out of certain disbursements made by Ostrom, for the benefit of Jones, in paying two judgments recovered against Jones in the state of New York by one Lewis. From the bill of particulars and exhibits offered by the plaintiff it appears that the payments made by Ostrom were made by E. P. Bullard from the rents of two stores in Boston, in which rents Ostrom and Jones were equal owners—Bullard being the agent of both Ostrom and Jones to collect the rents and pay over the same in satisfaction of Lewis's judgments. The plaintiff claimed that there was due Ostrom from Jones at the time of the assignment the sum of $2,374.06. The defendant denied that this sum was due, and in support of his claim offered in evidence, without objection, a receipt, which is as follows:

"Pleasant Valley, April 4th, 1863. Received from George Jones my note dated August 18th, 1862, eight months, due April 21st, 1863, in favor of Silas Bronson of New York, for two thousand dollars; said note having been paid by said Jones, and being the balance of amount of twenty-two hundred and forty-eight dollars and ninety-three cents, with interest, paid by me on account of judgments obtained in Court of Appeals in this state, by one George Lewis or his executors against George Jones.                    SHEPARD OSTROM."

The defendant requested the court to hold that this receipt

operated as a receipt in full, and as a full discharge of all claims by Ostrom for moneys at any time paid by him on the Lewis judgments. The court refused to sustain the claim of the defendant, and to hold as requested, and also refused to give credit for the sum mentioned in the receipt as against the balance of $2,374.06, due Ostrom on the 30th day of January, 1869, as shown by Bullard's statement of account, and found by the court to be the true balance of account at that time.

It is expressly found that this receipt relates to the very judgments referred to in the plaintiff's bill of particulars, and it is not even suggested that the receipt was procured by fraud, or that it was given through any mistake. No reason appears in the finding why the court refused to give it the effect and construction claimed by the defendant, and none is suggested in the brief of the plaintiff's counsel. The finding by the court is, that on the 4th of April, 1863, Jones delivered to Ostrom a note due from Ostrom to one Silas Bronson, and Ostrom gave him a receipt therefor, and that the judgments referred to in the receipt are the same referred to in prior exhibits, namely, two judgments of Lewis against Jones. Now it is very apparent on inspection of the receipt that it is something more than a mere receipt for the note held by Bronson against Ostrom. It states distinctly that the note has been paid by Jones, and that it is the balance of twenty-two hundred and forty-eight dollars and ninety-three cents, with interest, paid by him on account of the Lewis judgments. The amount paid by Jones for Ostrom to take up this note was $2,000. It nowhere appears in the finding or in the plaintiff's bill of particulars that Ostrom had any other claim against Jones than what grew out of his payments on the Lewis judgments, and it does not appear by the statement of account between Ostrom and Jones that Jones has had any credit for the $2,000 paid to Bronson for Ostrom to take up the note.

But we do not intend to decide whether it is to be considered a receipt in full or as a receipt for so much money paid by Jones on the Lewis judgments. The court below refused

to hold that it was either, and gave no effect to the receipt. In this we think the ruling was wrong.*

There is one other question presented by the record which we briefly consider, and that is, whether the interrogatories put to the defendant on cross-examination were proper. The record states that the defendant testified on his direct examination, in order to show want of bona fides in the assignment to Morgan, and that the assignment was made by Ostrom to avoid a set-off of claims due from him to Jones, that Ostrom owed him several thousand dollars at the time this suit was brought. On cross-examination he testified that he knew that Ostrom owed him several thousand dollars, from Bullard's deposition, and the exhibits thereto annexed. He was then asked if he had any property, and replied in the affirmative. He was then asked, "What does your property consist of, and where is it situated?—I mean in brief not in detail." This was objected to as irrelevant and impertinent; but the court overruled the objection and admitted it. The witness replied that he had a claim against Shephard Ostrom, and one against E. P. Bullard on which he had brought suit in New York, and that he had invested over $100,000 in stocks of two or three companies. He was then asked to name the companies. To this question the same objection was made, but the court admitted it, and the defendant gave the names of the companies.

Evidence which tends in any manner to prove the point in issue between the parties is presumably admissible, but very clearly any evidence which does not in any manner tend to prove such point is inadmissible as being wholly irrelevant. Now the point or question at issue was whether Jones the defendant owed Ostrom at the time he made the assignment to Morgan the plaintiff, and this was the principal if not the sole issue; and whether Jones was worth one dollar or a hundred thousand dollars was of no importance, and could throw no light on the question at issue. The evidence was wholly irrelevant, and clearly inadmissible.

---

* The foregoing point being mainly one of fact, and not admitting of statement as a legal proposition, has not been noticed in the head note of the case.

R.

There are several other questions made in the case which we do not think it necessary to consider. For the reasons we have given we think a new trial must be granted.

In this opinion the other judges concurred.

