[No. 5081.]
[No. 2647 C. A.]

### Sills v. Cochems.

**Practice in Civil Actions—Physicians and Surgeons—Compensation—Evidence—Admissibility.**

In an action by a physician for professional services rendered, where no price was agreed upon, evidence showing that plaintiff was busily engaged in the practice of his profession is admissible.—P. 525.

*Appeal from the District Court of Gunnison County. Hon. Theron Stevens, Judge.*

Action by F. N. Cochems against C. F. Sills. From a judgment in favor of plaintiff, defendant appeals. *Affirmed.*

Messrs. Temple & Crump, for appellant.

Mr. Dexter T. Sapp, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

But one question is presented for determination in this case. Is testimony tending to show that plaintiff was busily engaged in the practice of his profession admissible in an action brought by a physician to recover judgment for the value of professional services rendered, where the price to be charged for such services was not agreed upon?

It is said that "when an attorney sues upon a *quantum meruit* for professional services, his professional standing is a proper subject of inquiry as affecting the value of his services. And the amount of his professional business may be inquired into, as tending to show his professional standing."—Weeks on Attorneys at Law, 681; *Phelps v. Hunt,* 40 Conn. 97.

Counsel has called our attention to no case, and we know of none, wherein it is held that a different rule should obtain in determining the value of a physician's services. The same reasoning which prompts the doctrine as to attorneys seems to warrant its application to physicians.

The value of professional services may depend very considerably upon the character and standing of him who performs them. In the first place, there are diversities of gifts. The period of time passed in the profession, the experience acquired, degree of skill and the faculty of using professional knowledge make great differences in individuals. The services of some are worth more than the services of others, because they will command more. Should a question arise as to the value of services, in an action brought by a physician to recover fees, where the nature of the services performed makes the possession of certain qualifications to constitute an important element in the value of those services, as in this case where

the plaintiff was called because of his peculiar skill as a diagnostician, evidence of professional standing is clearly admissible and is entitled to consideration.

The fact that plaintiff was extremely busy tends to show his professional standing and tends to show, in connection with other testimony concerning the length of time he had practiced medicine in that community, his experience, which gave him the requisite knowledge and ability to properly diagnose and prescribe the necessary medicines for diseased persons.

If constant practice in the art of his profession renders a practitioner more capable than he otherwise would be, the extent of such a practice is a matter which may be properly inquired into for the purpose of determining the value of the services rendered.

The judgment of the district court will be affirmed.          *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GODDARD concur.