Plaintiff, a practicing attorney since the summer of 1936, brings this action to recover of defendant the reasonable value of legal services rendered between December 27, 1941 and February 15, 1942, constituting a period of seven weeks and one day. The nature of the legal services concerned, among other things, advices to the president and treasurer of the defendant corporation respecting the revision of clauses to be contained in a proposed contract between the *Page 168 
corporation and representatives of the C.I.O. [Congress of Industrial Organizations].
There appears to be no question but that plaintiff during the period in question had many conferences with officials of the C.I.O., assisted in the redrafting of clauses to be contained in the contract itself, and in fact contributed to the consummation of a written contract between the corporation and the union.
The evidence has not disclosed that plaintiff was required to undertake a study — deep or otherwise — of legal questions connected with the problem involved. In the main, it would appear that "conversations" formed the major basis of what was ultimately accomplished in the consummation of the contract. Allegiance to facts requires the statement that plaintiff doubtlessly was called upon to do some fast thinking during the "conversations" and some previous experience in labor matters proved to be a valuable asset.
The defendant was satisfied with the efforts of plaintiff. There is no question but that defendant was advantaged by the provisions of the executed contract over the originally proposed contract of the C.I.O. representatives. However, the court is unable to determine from the evidence the approximate benefits in a monetary sense realized by defendant because of the efforts of plaintiff. But benefits there were.
The hours spent by plaintiff in furtherance of the interest of defendant during the period in question (December 27, 1941-February 15, 1942) amount to 107 and a fraction.
Plaintiff claims that his services are reasonably worth $1,250. In support of this claim he offered as an expert witness, Mr. Arthur B. O'Keefe of the New Haven Bar. It would appear that Mr. O'Keefe's approach to the problem was largely based upon his connection as counsel in the case of R an W HatShop, Inc. vs. Sculley, which involved labor litigation in the Superior Court at Danbury in the early 1920's and culminated in a Supreme Court review reported in 98 Conn. 1. The court is of the opinion that the legal problem confronting plaintiff between December 27, 1941 and February 15, 1942, is not comparable to that which confronted Mr. O'Keefe and his associate in the R an W Hat case; that the standard of charge for legal services in the two matters has no common yardstick of measure. In short, Mr. O'Keefe's single experience *Page 169 
in a labor controversy, involving as it did appearances in the Superior Court followed by a proceeding in the Supreme Court and the writing of trial and appellate briefs, is not such an experience, standing alone, to warrant the acceptance of his view that plaintiff's charge for services, if anything, is "too low."
In passing, it should be noted that the executed contract between defendant and the C.I.O. involved ten stores of defendant located in Connecticut and about 43 of its employees; that the contract related to a program extending over a period of two years.
The sole question in the case is whether the sum of $1,250 represents a fair compensation to plaintiff, or a lesser sum.
In a case of this character a trial judge necessarily reacquaints himself with what has been said by our Supreme Court in such cases as Phelps vs. Hunt, 40 Conn. 97; Stoddard vs.Sagal, 86 id. 346; and Slade vs. Harris, 105 id. 436. But these cases are not the answer to the specific problem presented. research has uncovered a recent annotation contained in 143 A.L.R. 672, which, because of its broad scope, proves helpful not only in fixing the limits of a reasonable award in this case, but in all cases wherein the size of an attorney's compensation is under scrutiny in the absence of contract or statute fixing the amount. See, also, In re Osofsky,50 F.2d 925, 927.
Plaintiff's services ranged over a period of seven weeks and one day. Such services did not take his entire time or even a considerable fraction thereof during this period. Neither was court attendance nor deep independent study involved. Nevertheless, the results obtained were satisfactory to defendant.
The court should not base an award upon the "limit of legitimate generosity" (Rosa vs. American Oil Co., Inc.,129 Conn. 585, 589), but upon what is deemed fair and reasonable in view of all the circumstances. The sum of $725 is deemed by the court to represent a fair and reasonable allowance in the light of plaintiff's efforts and satisfactory results obtained for defendant. This sum represents compensation on the basis of approximately $100 a week during the period of time involved in the undertaking and includes reimbursement to plaintiff for certain miscellaneous items of expense (toll calls, *Page 170 
at least two trips to Hartford, several short trips to Hamden) reflected in his more specific statement.
 Accordingly, judgment will enter for the plaintiff to recover of the defendant damages in the amount of $725 with costs.
In conclusion, the court expresses its appreciation to counsel for the manner in which the case was tried. A case of this character is not easy to present or easy to defend.