[No. 15614.   Department One.—December 31, 1894.]

WILLIAM CHILDERS, RESPONDENT, *v.* THE SAN JOSE MERCURY PRINTING AND PUBLISHING COMPANY, APPELLANT.

LIBEL AND SLANDER—MALICE.—Malice, in actions of libel and slander, is divided into two classes, to wit, malice in law and malice in fact.

ID.—MALICE IN LAW—CONCLUSIVE PRESUMPTION.—Malice in law may be defined as a wrongful act done intentionally, without just cause or excuse, and is conclusively presumed where the publication of a libel or slander is not justified by the proof of its truth nor by the privileged occasion of publication.

ID.—MALICE IN FACT.—Malice in fact may be defined as a spiteful or rancorous disposition which causes an act to be done for mischief; and may be established by evidence *aliunde,* or may appear from the face of the publication itself.

ID.—ABSENCE OF MALICIOUS MOTIVE.—The absence of malicious motive may protect against exemplary damages, but will not bar the action if there is no justification of the libel or slander.

ID.—ACTUAL DAMAGES—GENERAL DAMAGE—SPECIAL DAMAGE—PLEADING—EVIDENCE.—Actual or pecuniary damages for libel include general damages for injury to feelings and loss of reputation, which need not be alleged in detail in the complaint, and may be recovered in the absence of actual proof and special damages.

ID.—RECOVERY OF EXEMPLARY DAMAGES—MALICE IN FACT.—Exemplary damages may be recovered when malice on the part of the defendant is established as a fact, either actually or by presumption, or inference of fact from the libelous character of the publication.

ID.—CONSTRUCTION OF CODE—DISPUTABLE PRESUMPTION OF FACT—EVIDENCE.—In section 3294 of the Civil Code, which allows the recovery of exemplary damages where the defendant has been guilty of malice, actual or presumed, the presumed malice spoken of is a disputable presumption of fact establishing *prima facie* the right of plaintiff to exem-

.plary damages for a publication libelous *per se*, but this presumption may be overcome by other evidence that there was no malice in fact.

ID.—QUESTION OF FACT—ERRONEOUS INSTRUCTION.—An instruction upon the subject of exemplary damages, in an action of libel, which assumes that malice in fact was established by the evidence, when the defendant had attempted to rebut the presumption of malice in fact by evidence to the contrary, is erroneous, as assuming a question of fact in issue before the jury.

APPEAL from a judgment of the Superior Court of Monterey County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*D. M. Delmas, H. V. Morehouse,* and *John E. Richards,* for Appellant.

Exemplary damages are recoverable in an action of libel or slander as a penalty and punishment of the defendant for actual ill-will, for a rancorous disposition, and an evil and venomous purpose to do the plaintiff an injury.  (Townshend on Libel, 534–38; Newel on Defamation, 143; Odgers on Libel, 291, 292; 1 Sutherland on Damages, 714–24; Cooley on Torts, 209; *Sheik* v. *Hobson,* 64 Iowa, 146.)  In order to recover such damages there should be some evidence before the jury of such actual ill-will, evil-mindedness, and malice as to warrant the imposition of the punishment.  This is reason.  It is also law.  (Bishop on Noncontract Law, sec. 308; *Delaney* v. *Kaetel,* 81 Wis. 353.)  This actual ill-will and malice is not to be inferred from the fact alone that the words of the alleged libel were false and injurious. (*Stallings* v. *Whittaker,* 55 Ark. 494; *Templeton* v. *Graves,* 59 Wis. 95; *Newman* v. *Stein,* 75 Mich. 402; 13 Am. St. Rep. 447; *Pleasants* v. *North Beach etc. R. R. Co.,* 34 Cal. 586; *Selden* v. *Cashman,* 20 Cal. 56; 81 Am. Dec. 93; *Dorsey* v. *Manlove,* 14 Cal. 553.)  If there could have been no verdict for punitive damages in this case because of the utter absence of proof of actual ill-will on the part of the defendant, it follows that no instruction should have been tendered upon the subject, and that the court

erred in giving any instructions to the jury with reference to punitive damages. (*Hirshberg* v. *Strauss,* 64 Cal. 272; *Columbus etc. Ry. Co.* v. *Bridges,* 86 Ala. 448; 11 Am. St. Rep. 58; *Pittsburgh etc. Ry. Co.* v. *Taylor,* 104 Pa. St. 306; 49 Am. Rep. 580.)

*W. M. R. Parker,* and *Charles E. Nougues,* for Respondent.

Actual ill-will or malice will enhance the damages, and may be shown for that purpose, but need not be shown to entitle plaintiff to recover. (3 Sutherland on Damages, 642.) There is no legal measure of damages for such a wrong. The amount which the injured party ought to recover is referred to the sound discretion of the jury. (3 Sutherland on Damages, 643.) Damages in this class of cases, though frequently designated as exemplary, vindictive, or punitory, are in fact nothing more than actual damages, as ascertained by the verdict of the jury. (3 Sutherland on Damages, 652; *Tripp* v. *Thomas,* 2 Barn. & C. 427.) The rule of law in cases of libel and slander is well established to be that a new trial therein ought not to be, and will not be, granted, and especially by an appellate court, unless the damages assessed by the jury are so enormous as to furnish evidence of prejudice, partiality, passion, or corruption on the part of the jury. (*Spencer* v. *McMasters,* 16 Ill. 405; *Coleman* v. *Southwick,* 9 John. 51; 6 Am. Dec. 253; *Southwick* v. *Stevens,* 10 John. 443; *Treanor* v. *Donahoe,* 9 Cush. 228; *Moody* v. *Baker,* 5 Cow. 351; *Highmore* v. *Harrington,* 3 Scott, N. S., 143; *Gilbert* v. *Burthenshaw,* 1 Cowp. 230; *Neal* v. *Lewis,* 2 Bay, 204; 1 Am. Dec. 640; *Wilson* v. *Fitch,* 41 Cal. 386; *Harris* v. *Zanone,* 93 Cal. 72.)

GAROUTTE, J. — This is an appeal from a judgment of the superior court of the county of Monterey, in favor of the plaintiff and against the defendant herein, for the sum of two thousand dollars damages for an alleged

libel, and from an order denying the defendant's motion for a new trial.

The defendant published in a daily issue of the *San Jose Mercury*, a newspaper printed and published in the city of San Jose, an article to the effect that the plaintiff, William Childers, had committed the offense of burglary, upon the previous night, in said city of San Jose, by breaking and entering a business house of said city. Plaintiff by his complaint charged said publication to be a libel upon him, and brought this action for damages.

It is now insisted that the court misunderstood the law bearing upon the questions here involved, and that the following instructions, which were given to the jury, are unsound as declarations of legal principles: "1. All libels and slanders are conclusively presumed to be in some degree malicious; 2. Said publication was a libel upon the plaintiff, and entitles him to a verdict in his favor; 3. Damages in such a case as this are given: 1. To compensate the plaintiff for his injuries, if he has suffered any, and 2. As an example to others similarly situated, and as a punishment for a wrongful act done; 4. In this action, if you find for the plaintiff, and if you find that the defendant has been guilty of oppression, fraud, or malice, actual or presumed, in addition to the actual damages sustained by the plaintiff, you may give him.damages for the sake of example, and by way of punishing the defendant. As I have already charged you, the law presumes the existence of malice from the fact of the publication of the false, unprivileged, and defamatory article in a newspaper regarding the person so charged; 5. The plaintiff in this case has not alleged or attempted to prove any special damages, but simply claims a verdict for exemplary or punitive damages. Such damages are given for the sake of example, and by way of punishing the defendant."

The foregoing instructions are taken from various portions of the body of law given by the court to the jury, and are collected and numbered for our convenience. There is no question in this case but that the

publication was not a privileged one, and the court was justified in so stating to the jury.

Malice, as pertaining to actions of libel and slander, is a question both intricate and important, and especially so, when it, in its various classifications, is considered in connection with the legal principles bearing upon the question of exemplary or punitive damages. Malice may be divided into two distinct classes, to wit, malice in law and malice in fact. Malice in law may be defined as a wrongful act, done intentionally, without just cause or excuse. (*Bell* v. *Fernald*, 71 Mich. 267; *King* v. *Patterson*, 49 N. J. L. 417; 60 Am. Rep. 622.) Such malice is necessary to the life of every cause of action for libel, and is conclusively presumed in publications of the character here involved. In *King* v. *Patterson*, 49 N. J. L. 417, 60 Am. Rep. 622, it is said: " On the other hand, where the publication imputes a crime so as to be actionable *per se*, or is actionable only on averment and proof of special damages, if the publication is not justified by proof of its truth, or by the privileged occasion of publication, the law in such cases presumes malice such as is essential to the action. In such cases good faith and an honest belief in the truth of the publication will be no defense. The absence of a malicious motive may protect against exemplary damages, but will not bar the action."

Malice in fact is only material in libel as establishing a right to recover exemplary damages, or to defeat defendant's plea that a publication is privileged. Malice in fact may be defined as a spiteful or rancorous disposition which causes an act to be done for mischief. (*Lick* v. *Owen*, 47 Cal. 252.) As will be observed hereafter, malice in fact may be established by evidence *aliunde*, or it may appear from the face of the publication itself.

Two classes of damages may be recovered in actions of libel, to wit, actual or compensatory damages and exemplary damages. Special damages as a branch of actual damages may be recovered when actual pecuniary loss has been sustained, and is specially pleaded. The

remaining branch of actual damages embraces recovery
for loss of reputation, shame, mortification, injury to
feelings, etc., and, while special damages must be alleged
and proven, general damages for outrage to feelings and
loss of reputation need not be alleged in detail, and may
be recovered in the absence of actual proof; and to the
amount that the jury estimates will fairly compensate
plaintiff for the injury done. (*Wilson* v. *Fitch*, 41 Cal.
386.)

Exemplary damages **may be** recovered when malice
on the part of the defendant is established as a fact, and
by the express provisions of section 3294 of the Civil
Code this malice may be "actual or presumed." We
assume that the word "actual," as used in this section
of the code, means "express." In criminal law malice
is an element of murder, and this malice may be either
express or implied. It is implied when no considerable
provocation for the killing appears, or when the circum-
stances of the killing show an abandoned and malignant
heart. We are inclined to believe that the "presumed
malice" of section 3294 closely assimilates to the implied
malice of the criminal law. It is an inference of fact to
be drawn from the libelous character of the publication;
and, if the article is libelous *per se,* we see no reason why
the law should not declare that upon its introduction in
evidence a *prima facie* case of malice in fact is estab-
lished; for, even though it be presumed malice, it is
malice in fact, and has all the dignity and gravity of
express or actual malice, proven *aliunde.* We conclude
that presumed malice is equally a question of fact with
actual malice, and upon being established equally forms
the foundation for the recovery of exemplary damages.

This publication charged plaintiff with the commis-
sion of a felony. It was false, not privileged, and libel-
ous *per se.* Upon such a state of facts the cause of
action for actual damages is conclusively established.
(*Wilson* v. *Fitch*, 41 Cal. 386; *Dixon* v. *Allen*, 69 Cal.
527; *Mowry* v. *Raabe*, 89 Cal. 609.) And the amount and
measure of damages are the only questions left for liti-

gation.  In this publication malice in law is not only
conclusively presumed, but such malice in fact is im-
plied or presumed as to establish *prima facie* the right
of plaintiff to exemplary damages.  In other words, the
existence of malice in fact is sufficiently shown by
the publication to make the question an issue before
the jury.  That exemplary damages may be based alone
upon a publication libelous *per se* we have many author-
ities from many states.  (*Samuels* v. *Evening Mail
Assn.*, 75 N. Y. 604; *Bergmann* v. *Jones*, 94 N. Y.
51; *Warner* v. *Press Pub. Co.*, 132 N. Y. 181; *Evening
News Assn.* v. *Tryon*, 42 Mich. 549; 36 Am. Rep. 450;
*Buckley* v. *Knapp*, 48 Mo. 152; *Clements* v. *Maloney*,
55 Mo. 352; *Schmisseur* v. *Kreilich*, 92 Ill. 347; *Snyder*
v. *Fulton*, 34 Md. 128; 6 Am. Rep. 314; *Nolan* v. *Traber*,
49 Md. 460; 33 Am. Rep. 277.)  In *Warner* v. *Press
Pub Co.*, 132 N. Y. 181, the principle is thus declared:
"The plaintiff gave evidence of malice when she proved
the falsity of the libelous publication, and, in the ab-
sence of evidence on the part of the defendant tending
to show that it had neither the desire nor the intention
to wrong her, it would have been the duty of the court
to instruct the jury that the plaintiff might be awarded
exemplary damages in their discretion; but testimony
was adduced on the part of the defendant, tending to
prove the absence of actual malice on his part towards
the plaintiff, which, taken in connection with the evi-
dence of malice which the law imputed when the falsity
of the libel was established, presented a question of fact
whether malice existed in the publication.  If found to
exist, then, in their discretion, the jury could award ex-
emplary damages."  While there may be authority in
some states opposed to the principle declared in the fore-
going citation, yet in this state, in view of section 3294
of the Civil Code, to which we have adverted, there
would seem to be no question as to the true rule.

Do the instructions of the court stand the test when
gauged by the legal principles we have declared?  As
to those instructions, numbers one and two are correct.

Number three is correct, if malice in fact is assumed to have been established by the evidence, but the court was not justified in making such an assumption. Malice in fact was an issue before the jury, and, if found by the jury to be an element of the case, then, and then only, was the instruction correct, and the case one for exemplary damages. Instruction number four is correct in all save the last clause. The court first tells the jury that if malice, actual or presumed, has been proven, exemplary damages may be recovered, and then commits the error by saying that the publication is such that malice is presumed; in other words, conclusively presumed. This is true of malice in law, but the court in this instruction was dealing with malice in fact, as bearing upon exemplary damages, and the presumption of malice in fact from the libelous character of the publication is not conclusive, but disputable. The defendant had the right to rebut this presumption by any proper evidence. He attempted so to do in this case, and, if he was successful in that regard to the satisfaction of the jury, malice in fact was no longer an element in the case. The fifth instruction is not entirely correct, but probably too favorable to the defendant. For, while the plaintiff did not claim special damages, he did claim compensatory damages to the extent of the injury to his feelings, etc., and, in the absence of malice in fact, under his pleading these compensatory damages were all that he was entitled to recover.

For the foregoing reasons the judgment and order are reversed and the cause remanded for a new trial.

HARRISON, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.