[L. A. No. 733.   Department One. — April 2, 1901.]

## JOSEPH C. HEARNE, Respondent, v. M. H. DE YOUNG et al., Appellants.

LIBEL — NOMINAL DAMAGES — ORDER GRANTING NEW TRIAL — REVIEW UPON APPEAL. — In an action for libel, where the jury returned a verdict assessing the damages at one dollar, if the court below deemed the damages inadequate fairly to compensate the plaintiff for the injury done, it was its right and duty to grant a new trial, and its order will not be disturbed upon appeal. It is only in an exceptional case where the action of the lower court, either in approving or in rejecting the amount of the damages fixed by the verdict, will be interfered with in this court.

ID. — EXEMPLARY DAMAGES — ACTUAL DAMAGES — NOMINAL DAMAGES. — There must be malice in fact before exemplary damages may be allowed; and if there is no actual malice toward the plaintiff, the recovery is to be limited to actual damages, which are not confined to pecuniary loss, but include damages for loss of reputation, shame, and injury to the feelings, etc. A verdict for nominal damages is proper where there is neither actual malice nor actual damage.

ID. — GENERAL DAMAGES — ABSENCE OF PROOF — INCORRECT INSTRUCTION. — General damages may be recovered in the absence of actual proof; and an instruction importing that direct evidence must be

offered establishing actual damages before a verdict may be given therefor, is not a correct statement of the law.

ID. — ERRONEOUS INSTRUCTION AS TO ACTUAL DAMAGE— PECUNIARY LOSS. — An instruction purporting to limit the recovery of actual damages, in the absence of malice in fact, to the pecuniary loss of the plaintiff, is erroneous.

ID. — DEFINITION OF ACTUAL MALICE. — Actual malice, in the publication of a libel, means personal hatred or ill will toward the plaintiff, or wanton disregard of the civil obligations of the defendants toward the plaintiff.

ID. — EVIDENCE — BAD REPUTATION OF PLAINTIFF — SIMILAR PUBLICATIONS. — The fact that the plaintiff had a general bad character or bad reputation before the libel was published may be given in evidence in mitigation of damages; but the admission of articles of the same general character, published in papers of another state, is erroneous, and cannot properly be considered by the jury in fixing the amount of actual damages suffered.

APPEAL from an order of the Superior Court of San Diego County granting a new trial. Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

Lloyd & Wood, W. J. Hunsaker, and J. S. Callen, for Appellants.

The court erred in holding that the verdict for nominal damages should be set aside. (*Thompson* v. *Powning,* 15 Nev. 195; *Dobard* v. *Nunez,* 6 La. Ann. 574; *Ward* v. *Ward,* 9 Hun, 125; *Rundell* v. *Butler,* 10 Wend. 119–121; *Rendall* v. *Hayward,* 5 Bing. N. C. 424; *Wakelin* v. *Morris,* 2 F. & F. 26; *Kelly* v. *Sherlock,* L. R. 1 Q. B. 655; *Flint* v. *Clark,* 13 Conn. 362; *Irwin* v. *Cook,* 24 Tex. 244; *Taylor* v. *Hearst,* 107 Cal. 262; *Lick* v. *Owen,* 47 Cal. 252; 8 Am. & Eng. Ency. of Law, 2d ed., 628, 629.)

Works & Works, Hendrick & Wright, and Herbert Peery, for Respondent.

A verdict may be set aside for inadequate damages, as well as for excessive damages. (Newell on Slander and Libel, 2d ed., 935; 1 Graham and Waterman on New Trials, 451; *Rixey* v. *Ward,* 3 Rand. 52; *Wolford* v. *Lyon etc. Mining Co.,* 63 Cal. 483; *Bennett* v. *Hobro,* 72 Cal. 178; *Mariani* v. *Dougherty,* 46 Cal. 26; *Kenney* v. *McLaughlin,* 5 Gray, 3;[1] *McDonald*

[1] 66 Am. Dec. 345.

v. *Walter*, 40 N. Y. 551; 1 Sutherland on Damages, 2d ed., 310; *Templeton* v. *Graves*, 59 Wis. 95; *Falary* v. *Standard*, L. R. 10 Q. B. 54.)   The decision of the trial court in discharging its duty in this matter should not be disturbed upon appeal. (*Dickey* v. *Davis*, 39 Cal. 569; *Curtiss* v. *Starr*, 85 Cal. 377; *Bates* v. *Howard*, 105 Cal. 178.)   The instructions as to evidence of actual damages were erroneous. (*Childers* v. *Mercury Pub. Co.*, 105 Cal. 289.[2])   Distinct libels could not be considered. (*Wilson* v. *Fitch*, 41 Cal. 363, 382, 383.)

GAROUTTE, J.—This appeal is taken from an order granting plaintiff a new trial.   The case has once been before the court. (*Hearne* v. *De Young*, 119 Cal. 670.)   It is an action for damages, based upon an alleged libelous publication in defendant De Young's newspaper.   Upon the return of the case to the lower court for a second trial, the complaint was amended, thereby counting alone upon that portion of the published article relating to the murder of one Dr. Stillwell at Hannibal, Missouri.   A complete statement of the facts may be found in the opinion rendered upon the former appeal. The jury returned a verdict in favor of plaintiff, assessing the damages at one dollar; and a motion for a new trial was made upon the ground of the inadequacy of the damages found, and also upon the ground of errors of law committed by the trial court.   A general order granting a new trial was entered, and defendants appeal from that order.

While it may be conceded that if the lower court had denied the motion for a new trial, based upon the ground that the damages awarded were not enough, then this court would have sustained the order, still it does not follow but that this court will affirm an order granting a new trial upon the ground of the inadequacy of the verdict.   After the jury, by its verdict, has once placed the amount of damages, it will be an exceptional case where this court will interfere with the action of the trial court in reviewing an order, either approving or rejecting that amount.   In some cases this court has very properly held that the trial court should have granted a new trial by reason of the verdict being excessive in amount, still it has very rarely reversed an order of the trial court declaring the verdict too small.   It is insisted that, as matter of law, the trial court declared the verdict inadequate.   As far as we know

[2] 45 Am. St. Rep. 40.

from the record, the claim is not well founded, and it would seem that the verdict was declared too small as matter of fact. As to cases similar to the one at bar, it is said in *Childers* v. *Mercury Co.*, 105 Cal. 289,[3] in speaking of that branch of actual damages not included in special damages, "The remaining branch of actual damages embraces recovery for loss of reputation, shame, mortification, injury to feelings, etc., and while special damages must be alleged and proven, general damages for outrage to feelings and loss of reputation need not be alleged in detail, and may be recovered in the absence of actual proof, and to the amount that the jury estimates will fairly compensate plaintiff for the injury done." While it thus appears that the jury has a wide discretion in assessing the amount of damages in cases of this character, still it is the duty of the trial court to see that the jury do not abuse that discretion in its exercise. And here, if the court deemed this verdict wholly inadequate in amount, it was its right and duty to order a new trial, and that order will not now be disturbed.

The soundness of the law evidenced by the following instructions is at issue upon this appeal. Those instructions have been numbered for the convenience of the court.

1. "You are instructed that if you find the defendant De Young did not publish the article in question in this case with actual malice or ill will towards the plaintiff, and that the publication was made in the Chronicle in the usual course of his business as a public journalist, you will, in estimating the damages, if you should find for plaintiff, confine yourselves to the actual damages sustained by plaintiff because of the publication of that portion of the article complained of, as shown by the evidence; and if you find that the plaintiff has not shown by the evidence that he sustained any actual damages on account of that portion of said article, you will, in case you find for plaintiff, fix the damages at a nominal sum only."

2. "The jury are instructed that by the term, 'actual or express malice,' when used in these instructions, is meant a spiteful or rancorous disposition which causes the act to be done for mischief."

3. "You are instructed that if you find the defendant De Young did not publish the article in question in this case with actual malice, and if you further believe that the defendant

---

[3] 45 Am. St. Rep. 40.

De Young had no actual malice or ill will towards the plaintiff, and made the publication in the usual course of his business as a public journalist, you will, in estimating damages (if you should find for plaintiff), confine yourselves to the actual damages sustained by plaintiff because of the publication of that portion of the article which relates to the murder of Amos J. Stillwell, as shown by the evidence."

4. "If you find from the evidence that the alleged libelous article consisted wholly, or in part, of the repetition of current reports of long standing, by which plaintiff's reputation had already become and was then impaired, you may take such fact into consideration in estimating damages, should you find for the plaintiff."

5. "And if you should find for plaintiff, but find De Young did not have actual malice as aforesaid, then, in estimating damages, you will be confined to the actual pecuniary loss or damage shown by the evidence to have been sustained by the plaintiff because of the publication of that portion of the article which is complained of."

It may be said as to instruction numbered 1, that there must be malice in fact before exemplary damages may be allowed. (*Childers* v. *Mercury Co., supra.*) The term, "actual damages," as here used, is broad enough to include damages for loss of reputation, shame, feelings, etc. Again, if there was no malice in fact established by the evidence against defendants, thus eliminating the question of exemplary damages from the case, and the jury thought plaintiff had suffered no actual damages, a verdict for nominal damages was perfectly proper. It was said in the Childers case, "general damages may be recovered in the absence of actual proof." If the instruction here means that direct evidence must be offered, establishing actual damages, before a verdict may be given the plaintiff for such damages, then it is opposed to the doctrine declared in that case. It would seem that the instruction in this regard is too narrow in its statement of the law.

As to instruction numbered 2, it may be said that while the definition of actual or express malice there found is probably not sufficiently broad to cover the full meaning of the term, still, a complete and satisfactory definition was given in another portion of the charge. It is there said: "Actual malice, in this connection, means personal hatred or ill will towards

the plaintiff, or wanton disregard of the civil obligations of the defendants toward the plaintiff." It is unnecessary to decide whether or not these two instructions are contradictory.

There is no legal objection to instruction numbered 3; but instruction numbered 4 is wrong. If plaintiff's reputation was to any degree bad before the article here in question was published, that fact may be taken into consideration by the jury in fixing the amount of actual damages suffered. While defendant Blunt, as decided upon the previous appeal, had the right to explain in detail the reasons which actuated him in publishing the article, and the sources of information upon which he acted in framing the article for publication, for the purpose of showing his good faith, still, the admission in evidence of the Missouri papers containing articles of the same general character as that here under consideration was error. If this article was libelous, evidence that other papers also libeled the plaintiff in the same manner is inadmissible. (*Wilson* v. *Fitch*, 41 Cal. 385.) It is said in Newell on Slander and Libel, 800: "Hence the fact that the plaintiff had a general bad character before the date of the libel or slander may be given in evidence in mitigation of damages; but the defendant may not go into particular instances, still less may he prove the existence of a general report that the plaintiff has actually committed the particular offense of which the defendant accuses him, or any similar offense." For this reason the instruction given was erroneous.

Instruction numbered 5 is unsound. Conceding there was no malice in fact upon the part of defendants in this case, still, plaintiff in his recovery was not confined to an amount which would compensate him for his actual *pecuniary loss* or damage shown by the evidence. He was entitled to actual damages above and beyond any question of *actual pecuniary loss,* for he was entitled to damages for loss of reputation, etc. (*Childers* v. *Mercury Co., supra.*)

For the foregoing reasons the order is affirmed.

Harrison, J., and Van Dyke, J., concurred.