JENNIE FIELDS KNOWLDEN, DEFENDANT IN ERROR, v. THE GUARDIAN PRINTING AND PUBLISHING COMPANY, PLAINTIFF IN ERROR.

Argued June 17, 1903—Decided June 22, 1903.

In an action for libel when damages are sought which are compensatory only, evidence of lack of ill-will or malice in mitigation is not admissible, the compensation depending not upon the motive or intent, as in the case of punitive damages, but solely on the actual injury done by the publication to reputation and feelings.

On error.

For the plaintiff in error, *Michael Dunn.*

For the defendant in error, *Edward Luce.*

PER CURIAM.

This was an action whereby a married woman sought to recover damages resulting from three publications in the newspaper of plaintiff in error, charging her with adultery.

The trial judge instructed the jury that plaintiff was not entitled to recover punitive or vindictive damages, but was entitled to recover such damages as would compensate her for. injury done to her reputation and feelings, by the three publications made by the defendant, and conceded to be untrue.

A claim for punitive damages may be defended against by proof of lack of ill-will or malice, and the damages sought

may be mitigated if the publication was made in good faith, with honest belief in its truth.

But when damages are sought which are compensatory only, such evidence of mitigation is not admissible, the compensation depending not upon the motive or intent, as in the case of punitive damages, but solely on the actual injury done by the publication to reputation and feelings.

It was conceded that it appeared at the trial that the plaintiff was of unblemished reputation, of mature age, with a grown son; that the publications were made in defendant's newspaper, published in a city in which she had formerly lived and circulating there and in the vicinity of her residence at the time of the publication, and that the circulation was large.

The trial judge called the attention of the jury to the three publications, which occurred on August 22d, August 23d and August 25th, 1900, and to the fact that no retraction was claimed to have been made until April, 1901.

Upon these conceded facts, we find no error in the following portion of the charge which was excepted to: "That is the case before you. If, with that case before you, you give this lady, as counsel for the defendant urges, six cents, the courts of justice should feel the same sense of shame and mortification Mrs. Knowlden must have felt when the publication was made. It would be an utter disgrace to the administration of law to say that such a publication, such a damage to reputation, such an invasion of feelings, was to be compensated for by six cents. It is your duty in this case to see that she has substantial compensation for this grievous wrong."

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VOORHEES, VROOM, GREEN, GRAY. 15.

*For reversal*—None.