## S. S. BIGGS v. DAVID GURGANUS.

### (Filed 16 March, 1910.)

1. **Pleadings—Amendments—Discretion—Appeal and Error.**

   Amendments to pleadings are within the discretion of the trial judge, excepting that a new and different cause of action cannot be thus introduced.

2. **Processioning—Divisional Line—Paper-writing—Evidence—"Incompetency"—Witness.**

   In an action involving the location of a divisional line between the parties, a paper in the handwriting of one who is not a witness or a party is incompetent evidence either to corroborate or contradict a witness in the case.

3. **Instructions, Special—When Offered—Appeal and Error.**

   It appearing of record that a request for special instructions had been refused because offered too late, after three speeches had been made, an exception thereto cannot be considered on appeal.

4. **Jurors—Taking Paper Evidence—Error Corrected—Instructions—Parties—Court Sittings—Notice.**

   When it is contended that the divisional line in dispute between the defendant's and the plaintiff's lands should be in accordance with a certain deed, introduced and read by plaintiff, and the jury, without the knowledge of the court, had taken the paper itself into the jury-room, and when called to the judge's attention, after the jury had considered the case for several hours, he instructed them, in the absence of the plaintiff and his attorneys, that they should consider the entire evidence and not the deed alone; that they should not have taken it into the

jury-room: *Held,* no reversible error, (*a*) if error, it was not attributable to the court; (*b*) he corrected it as soon as discovered; (*c*) the parties must take notice of the sittings of the court, and their absence did not invalidate the proceedings.

APPEAL from *O. H. Allen, J.,* June Term, 1909, of MARTIN, from a judgment in processioning proceedings.

This issue was submitted to the jury without exception: Which is the correct line between the parties, from the figures 1 to 2 and from 2 to 3, or from 1 to C, and from C to D? Answer: From 1 to C, and from C to D.

From the judgment rendered, the plaintiff appealed.

*Winston & Everett* and *A. R. Dunning* for plaintiff.
*Harry Stubbs* and *Martin & Critcher* for defendant.

BROWN, J. An examination of the record convinces us that the criticisms which have sometimes been made upon processioning proceedings are not merited as to this.

It would be difficult to conduct such a proceeding more in accordance with the letter and spirit of the statute than has been done in the conduct of this by counsel for both parties, and as so conducted it is hard to conceive of a simpler or more expeditious manner of locating and establishing a division line between two tracts of land.

The petitioner sets out his entire boundary and describes the division line as contended for by him. The defendant admits that the petitioner owns the land described, "except that portion embraced in the description of the land as claimed by defendant, and then sets out the boundary line as claimed by him. Thus the controversy arises, as to where the boundary line is, and not what it is. The two boundary lines are delineated on the plat and embodied the issue. The jury located it as claimed by defendant.

The record contains seven assignments of error, the last two merely formal.

No. 1, first exception, in allowing defendant to amend answer.

No. 2, second exception, in admitting oral evidence of agreed line.

No. 3, third exception, in not admitting timber deed of defendant.

No. 4, fourth exception, refusal of instructions.

No. 5, fifth exception, instruction to the jury in absence of plaintiff, and the instruction itself.

No. 6, sixth exception, overruling motion for new trial.

No. 7, seventh exception, to the judgment.

BIGGS *v.* GURGANUS.

Dotted lines show boundaries of a tract claimed by D. Gurganus. Beginning at A and thence running to B; thence to C; thence to D; thence to E; thence to F; thence to G; thence to H; thence to I; thence to J; thence to K; thence to the beginning.

Solid lines show boundaries of a tract claimed by S. S. Biggs. Beginning at 1 and thence running to 2; thence to 3; thence to 4; thence to 5; thence to 6; thence to 7; thence to 8; thence to 9; thence to 10; thence to 11; thence to the beginning.

Scale: 20 poles to the inch.

The first exception cannot be sustained, as it is well settled that amendments are generally within the sound discretion of the trial judge. There are cases which hold that a new and different cause of action cannot be thus introduced, but they have no application here. We find only one exception in the record to the evidence, and that is assignment of error No. 3.

The record states that this paper-writing was in the handwriting of Wheeler Martin, but was not signed by any one. We fail to see how it can be competent evidence in any view of this case. The learned counsel for plaintiffs urge in their brief that, "there was no question as to its genuineness. It could not have been prepared for the purpose. It was stronger than had the witness himself written the deed. It was offered only to show that witness was testifying to a fact that could be proven by other evidence than parol testimony." Wheeler Martin was not examined as a witness in the case. Assuming that the paper-writing might under some circumstances be competent to corroborate or contradict him had he been a witness, it is certainly of itself no evidence of title or of the true location of the disputed division line.

The fourth assignment of error cannot be considered, as the record states that "instructions refused because requested too late—after three speeches had been made." It is well settled that special instructions must be in writing and handed up before argument commences. *Craddock v. Banner,* 142 N. C., 89. Fifth assignment: "As the jury retired, one of their number, without the knowledge of the court, took the deeds that had been introduced in evidence by defendant, which deeds counsel for plaintiff read from during argument and requested the jury to take them and consider carefully in making up their verdict. The jury remained in conference from 2 to past 6 o'clock, appeared in a body in the courtroom, and asked if they must be governed by the deeds introduced in evidence, which counsel argued they should be. His Honor, in absence of the plaintiff himself and his attorneys, instructed the jury that they should consider the entire evidence and not the deeds alone, and that they should not take the same with them into the jury-room. The plaintiff excepted to this instruction to the jury."

We see no error in this of which plaintiff can justly complain. If it was erroneous for the jury to have taken defendant's deeds, it is not contended that the judge committed the error. On the contrary, he corrected it as soon as he discovered it, and gave an additional instruction that certainly was not prejudicial to plaintiff.

The fact that plaintiff was not present is immaterial. While

it is the privilege of civil suitors and their counsel to be present during trial, it is not obligatory, and their absence will not invalidate the proceedings. They must take notice of the sittings of the court.

Upon review of the whole record, we find

No error.