MICHAEL REILLY, PLAINTIFF AND APPELLEE, v. EDWIN R. CURTISS, DEFENDANT AND APPELLANT.

Argued February 20, 1912—Decided July 18, 1912.

1. A sweeping charge of misconduct leveled against a public board without exception, necessarily points the finger of condemnation at every member thereof, though none are named, and every member of the board may maintain an action therefor.

2. The office of member of a district board of registry and election is one of profit, and a member is subject to removal if shown to be disqualified. Words spoken falsely imputing drunkenness while on duty, and unfitness for duty, to a member of such board, reflect upon his capacity, and tend to work a detriment from a pecuniary point of view by rendering his term precarious, and are actionable *per se.*

3. When words spoken are actionable *per se,* plaintiff is not required to introduce evidence of actual damage to entitle him to substantial damages, since in the absence of any evidence of damage the law presumes damage.

On appeal from the District Court of the city of Elizabeth.

Before Justices TRENCHARD, PARKER and MINTURN.

For the appellant, *Jeremiah A. Kiernan.*

For the appellee, *Abe J. David.*

The opinion of the court was delivered by

TRENCHARD, J. In this action for slander the judge of the District Court, sitting without a jury, gave the plaintiff a judgment for $50.

The state of demand averred in effect, and the proof showed, that the defendant, in a certain discourse, falsely said that the election board of the fourth district of the Eighth ward of the city of Elizabeth was drunk while on duty on registration day, and was totally unfit to receive names for registry.

It was also averred and admitted that the plaintiff was a member of that board.

The sole connection of the defendant on this appeal is that the judge erred in not limiting the judgment to nominal damages.

We are of opinion that there is no merit in the contention.

Every district board of registry and election is composed of four members. *Pamph. L.* 1911, *p.* 277, § 4.

A sweeping charge of misconduct leveled against a public board without exception, necessarily points the finger of condemnation at every member thereof, though none are named, and every member of the board may maintain an action therefor. *Leverl* v. *Daily States Publishing Co.*, 123 *La.* 594; 25 *Cyc.* 352, 362, 363.

The office of member of a district board of registry and election is one of profit (*Pamph. L:* 1911, *p.* 283, § 11), and, under section 9, a member is subject to removal if shown to be disqualified. Words spoken falsely imputing drunkenness while on duty, and unfitness for duty, to a member of such board, reflect upon his capacity, and tend to work a detriment from a pecuniary point of view by rendering his tenure precarious, and are actionable *per se.* 25 *Cyc.* 346; *Heller* v. *Duff*, 33 *Vroom* 101.

When words spoken are actionable *per se,* plaintiff is not required to introduce evidence of actual damage to entitle him to substantial damages, since in the absence of any evidence of damage the law presumes the damage. 25 *Cyc.* 531.

The case of *Alexander* v. *Jenkins* (1892), 1 *Q. B.* 797, cited by the defendant, is not in point. There the office for which the plaintiff was said to be unfit was *not an office of profit,* and the distinction was there carefully drawn.

The award of substantial damages in the case at bar being justified, the judgment of the court below will be affirmed.