ZOE BARRINGER AND HUSBAND v. E. M. DEAL.

(Filed 3 December, 1913.)

1. Slander—Ulterior Purpose—Trial—Evidence.

While in an action for slander it is competent for the defendant to testify that the slanderous words were uttered by him without malice, it is incompetent for him to testify as to the purpose with which he did so, uncommunicated at the time.

**2. Slander—Compensatory Damages—Evidence.**

Compensatory damages may be recovered in an action for slander without specific proof that they have been suffered, when the words are libelous *per se*, their falsity is admitted, justification not pleaded, and privilege not claimed.

**3. Trial—Instructions, When Submitted—Appeal and Error.**

The refusal of the trial judge to give special instructions requested is not reviewable on appeal when it appears that they were submitted to the judge after the close of the evidence. Rev., secs. 536, 538.

APPEAL by defendant from *Cline, J.,* at July Term, 1913, of CATAWBA.

*W. A. Self, George McCorkle, R. R. Moose.*
*Councill & Yount for defendant.*

CLARK, C. J. This action is to recover damages for the slander of the *feme* plaintiff. The charge, if not true, was a cruel and malicious slander. The defendant in his answer does not plead justification, but admits that at the time of making the libelous statement he did not know that it was true, and in his evidence admits that it was not true. He does not plead privilege, and it was not an occasion for privilege.

The first exception is because the judge excluded the following question: "You admit in your answer using the language charged for a purpose. Tell what your purpose was." This question was properly excluded. The language on its face was grossly libelous *per se*. It was not competent for the defendant to testify as to his purpose, which was only a mental conclusion, unless he had stated his purpose at the time of making the libelous utterance. Not having done so, it could not lessen the damage and wrong done the plaintiff that the defendant may have had a concealed ulterior motive. In *Fields v. Bynum,* 156 N. C., 413, the Court said: "The defendant must show something more than honest belief in the truth of his utterances, for he must show that the communication was made in good faith on an occasion which justified his making it." None of these things were shown.

It was competent to ask the witness whether he had any malice toward the plaintiff. This was done, and the defendant testified that he did not have any malice. But it is not open to him to testify that he had a motive which he did not make known at the time of his utterance. The rule is thus stated in Folkard's Starkie on Slander, 398, note 2: "A defendant in an action for slander has a right to explain the meaning of the words used by him and rebut the presumption of malice if his explanation is by reference to matters occurring when the words were spoken, so that those hearing them ought to have under-stood them as explained." But this does not permit the defend-ant to testify that he had a hidden, uncommunicated motive, when at the time of using the words it was not made known to those who heard him make the slanderous statement.

The exception that the court permitted the plaintiff to recover compensatory damages without· proof of having actually suf-fered any, cannot be sustained. In *Hamilton v. Nance,* 159 N. C., 56, it is held: "In an action for slander, where justifi-cation is not pleaded and privilege is not claimed, the jury, upon finding an affirmative answer to the first issue, implies as a matter of law that the charge complained of is false and mali-cious, and compensatory damages should be awarded; and ad-ditional punitive damages may also be given if the jury find actual malice." To same effect, *Fields v. Bynum,* 156 N. C., 414, where the Court says: "When general damages are sought in an action of slander for words spoken which are actionable *per se,* compensatory damages may be awarded which embrace compensation for those injuries which the law will presume must naturally proximately and necessarily result, including injury to the feeling and mental suffering endured in conse-quence; and it is not incumbent on the plaintiff to introduce evidence that he has suffered special damage in such instance." This was excepted to, but is a *verbatim* quotation from that opinion.

The defendant requested certain prayers which the court de-clined to give, for the reason that they were "handed up after the conclusion of the charge." Revisal, 536, 538, require such

prayers to be handed up at or before the close of the evidence, and it was not error for the judge to refuse to consider them. *Craddock v. Barnes,* 142 N. C., 89; *Biggs v. Gurganus,* 152 N. C., 173.

We cannot pass over without notice that the assignment of errors are insufficiently made, in that they merely refer to the exceptions, without giving the substance of the matters excepted to. *Thompson v. R. R.,* 147 N. C., 412; *Smith v. Manufacturing Co.,* 151 N. C., 260; *Keller v. Fiber Co.,* 157 N. C., 576.

No error.