[Civ. No. 2236.  First Appellate District.—December 5, 1917.]

## ARTHUR CRANE, Appellant, v. GUSTAV O. HEINE, Respondent.

ATTORNEY AT LAW—UNAUTHORIZED USE OF NAME—ACTION FOR DAMAGES—PLEADING—SUFFICIENCY OF COMPLAINT.—In an action by an attorney at law for damages to his professional reputation, the complaint is sufficient as against a general demurrer under which at least nominal damages are recoverable, where it appears therefrom that the defendant, without the consent or knowledge of the plaintiff, caused to be sent out and mailed, with plaintiff's name appended thereto as the sender in typewriting, of over one thousand letters to debtors threatening them with legal proceedings unless they called and settled their accounts.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

Arthur Crane, *in pro. per.*, for Appellant.

Charles F. Hanlon, for Respondent.

THE COURT.—This is an appeal from a judgment entered after an order sustaining a demurrer to plaintiff's complaint on the ground that it failed to state sufficient facts and after the plaintiff had refused to amend.

The complaint alleges that the plaintiff at all the times therein mentioned was an attorney at law, duly licensed to practice in all the courts of the state of California, and so engaged, and that he was of excellent standing as a lawyer in California; that in the month of July, 1913, the defendant, without the consent or knowledge of plaintiff, caused to be sent out and mailed, with plaintiff's name appended thereto as the sender in typewriting, over one thousand letters to defenseless women and others, which forged letters threatened the recipients thereof with legal proceedings unless within three days they called and settled their respective accounts with the Heine Piano Company.  The complaint further alleges that as a result of this unauthorized conduct of the defendant the plaintiff's professional reputation and stand-

ing as a lawyer was seriously impaired, and that he was damaged in the sum of one hundred and twenty-five thousand dollars, for which sum he demanded judgment.

The complaint contains much immaterial matter, and it would certainly be obnoxious to a special demurrer, but as against a general demurrer we think was good; for, assuming —as we must on demurrer—that the allegations of the complaint are true, we learn that the defendant, without the plaintiff's permission, used his name and his alleged well-known standing as an attorney at law to endeavor to effect collections of over one thousand tardy accounts. This, if true, was certainly a transgression or invasion of the plaintiff's rights, from which the law will at least presume nominal damages, which may be recovered. (Civ. Code, sec. 3360; *Western Union Tel. Co. v. Ferguson,* 157 Ind. 64, 66, [54 L. R. A. 846, 60 N. E. 674] ; 1 Cooley on Torts, 39, 84, 93; *Hearne* v. *De Young,* 132 Cal. 357, [64 Pac. 576].)

The judgment is reversed.