OVERTON, JT.
Plaintiff brought this suit to recover judgment for damages against defendant in the sum of $5,000, with legal interest thereon from judicial demand until paid. The cause of action is one for libel, based on a letter written and sent by defendant to Mr. Janin, a salesman of I. L. Lyons & Co., in whose employ plaintiff was at the time.
It appears that the parties to this suit lived in. adjoining houses, and had been so living for a number of years. Friction and ill feeling arose between them. The chief cause of this friction seems to have been that plaintiff’s wife was fond of cats, and usually had several, which probably attracted others, and as a result defendant was annoyed by them, especially at night. On one occasion defendant put poisoned meat in her yard for the purpose of killing them, and plaintiff, suspecting it, sent a policeman to her home to investigate. On some two or three other occasions he sent officers there on one mission or another. The cats and the visits of the officers naturally provoked defendant, and she wrote the letter which forms the basis of this suit. The letter was written when this country was at war with Germany. She begins the letter by advising Mr. Janin that he has a German in his employ by the name of Briggs (referring to the plaintiff) who lives next door to her. She then refers to his sending policemen to her home, and to his constantly annoying her with spite affidavits. The cause of this conduct, on his-part, she attributes to her unwillingness to tolerate “the cat farm” which she says he conducts. She then advises Mr. Janin that she is the widow of a Confederate veteran, and is “unprotected save by the law and gentlemen,” and is writing the letter under the advice of her lawyer, “who thinks it proper to notify his [plaintiff’s] employers,” and concludes by expressing her intention to proceed legally against plaintiff unless Janin’s firm abates the nuisance (referring to the cats), that she does not wish to interne this unbalanced man, but will look to the courts to protect her. She asks for a reply.
It appears from the evidence that some of the facts recited in the letter are exaggerated. Others have no foundation upon which to rest. There is not the least evidence tending to show that plaintiff was a German, but, to the contrary, it appears that he was born in this city, and supported, though not on the field, the American cause. It does not appear that he was mentally unbalanced, nor does it satisfactorily appear that defendant acted under the advice of an attorney.
 In our view, defendant’s motive in writing the letter was not merely to rid herself of the annoyances to which she had been subjected, but to go further and affect injuriously plaintiff’s standing with his employer ; and hence, to accomplish this, she wrote Janin that plaintiff was a German. This, ordinarily, would not have been objectionable, but at that time was equivalent to *727 saying that he was an enemy of this country, and, as we have seen, he was one of its citizens. Defendant could have had no other purpose at such a time in making the statement that plaintiff was a German than to injure him. There is no evidence even tending to show that she believed the statement to have been true when made. In our view, it was prompted by malice which arose out of the friction existing, and that had existed for some time, between herself and plaintiff. Having been prompted by actual malice, the communication, if for no other reason, cannot be regarded as qualifiedly privileged. 25 Cyc. p. 411.
Under the circumstances, plaintiff is entitled to damages. Since, however, the letter failed to affect his standing with his employer, and since it was written by an old lady approaching her seventieth year, was easily explainable, and as the embarrassment caused was doubtless only of very short duration, we feel, under all of the circumstances, that we should allow damages only in the sum of $1.
For the reasons assigned, it is ordered, adjudged, and decreed that the verdict and judgment appealed from be reversed, and that there now be judgment for plaintiff and against defendant for the sum of $1, with legal interest thereon from judicial demand until paid; defendant to pay the costs in both courts.