GLENN VAN POOLE *v.* THE NIPPU JIJI COMPANY, LIMITED, AN HAWAIIAN CORPORATION.

No. 2292.

SUBMITTED OCTOBER 5, 1937.    DECIDED NOVEMBER 17, 1937.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY PETERS, J.

This is an action for damages for libel consisting of two articles, one in the Japanese and the other in the English language, which appeared concurrently in the same edition of the Nippu Jiji, a daily newspaper published by the defendant corporation. The article in the Japanese language contained two charges against the plaintiff, one: That he had been suspected of being the father of the unborn child of a Japanese barber shop girl then in a pregnant condition; the other: That he was one of three police officers who had taken two Japanese waitresses to the Ala Moana "dump" and there outraged them against their will.

The latter charge was repeated in substance in the article printed in the English language. Neither special nor punitive damages were alleged. Upon the trial the plaintiff expressly disclaimed punitive damages. The answer was a general denial. There was a verdict for plaintiff and defendant appealed.

There are only two exceptions that merit discussion. The remainder are overruled without comment. One exception raises the question whether the court erred in instructing the jury that the damages which the law presumes from the publication of an article libelous *per se* are substantial damages (see instruction No. 1 given at request of plaintiff quoted in margin) ;[1] the other, whether the defendant was entitled to an instruction that if the jury was not satisfied by a preponderance of the evidence that the plaintiff sustained or suffered any actual damage or injury the verdict should be only for a nominal sum. (See instruction No. 7 requested by defendant and refused, quoted in the margin.)[2]

---

[1] "I instruct you, gentlemen of the jury, that your verdict in this case must be a verdict for the plaintiff. The undisputed evidence in the case shows that the defendant Nippu Jiji Co., Limited, published in its newspaper of January 19, 1934, the statements of and concerning plaintiff to the effect that he was suspected of being the father of the unborn child of a Japanese barber shop girl, then in a pregnant condition; and also that it was reported that he was one of three police officers who had taken two Japanese waitresses to the Ala Moana 'Dump' and there outraged them against their will. To make such statements, or either one of them, of and concerning a police officer would be and is libellous *per se* and substantial damage is presumed as a matter of law. You will, therefore, bring in your verdict in this case for the plaintiff in such an amount, considering all of the evidence in the case and under the law as given to you in these instructions, as you may consider just and adequate."

[2] "You are instructed that if you should find for the plaintiff, you cannot in your verdict include any sum for exemplary, punitive, or vindictive damages; and in such case, should you find a verdict for the plaintiff, it must be restricted to compensatory damages, which should be in such an amount as will compensate the plaintiff for the wrong done him, without respect to any question of punishment. The amount to be awarded to the plaintiff should be such as would reasonably compensate him for any wrong done to his reputation, good name, or fame, and for any mental suffering caused thereby as shown by the evidence. If you should not be satisfied by a preponderance of the evidence that the plaintiff sustained or suffered any actual damage or injury, your verdict should be only for a nominal sum."

In an action of trespass on the case for libel similarly as in other actions *ex delicto* the plaintiff seeks redress by way of damages for the wrong committed. Also similarly the distinction between general and special damages is observed. (*Childers* v. *Mercury P. & P. Co.,* 105 Cal. 284, 38 Pac. 903, 904.) The term "damages" has been defined "to be the compensation which the law will award for an injury done." *Scott* v. *Donald,* 165 U. S. 58, 86. General damages are such as the law implies and presumes to have occurred from the wrong complained of. The term "general damages" is sometimes synonymous with "actual damages." (*Osborn* v. *Leach,* 135 N. C. 628, 47 S. E. 811, 66 L. R. A. 648.) It always connotes "compensatory damages." In the law of libel where the defamatory language is libelous *per se* general damages are such as naturally, proximately and necessarily result from the publication complained of (*Elms* v. *Crane,* 118 Me. 261, 107 Atl. 852, 854) and include those which will compensate the person defamed for "the injury to his reputation, business, and feelings which the defamatory publication caused." *Palmer* v. *Mahin,* 120 Fed. 737, 741. Where the defamatory charge complained of is actionable *per se* plaintiff *prima facie* is entitled to substantial damages. (37 C. J., T. Libel and Slander, § 564. See also *Murray* v. *Galbraith,* 95 Ark. 199, 128 S. W. 1047; *Barnett* v. *McClain,* 153 Ark. 325, 240 S. W. 415, 416; *Taylor* v. *Gumpert,* 90 Ark. 354, 131 S. W. 968; *Bohan* v. *Record Pub. Co.,* 1 Cal. App. 429, 82 Pac. 634; *Hearne* v. *De Young,* 132 Cal. 357, 64 Pac. 576; *Moore* v. *Maxey,* 152 Ill. App. 647; *Elms* v. *Crane, supra; Brown* v. *Knapp & Co.,* 213 Mo. 655, 112 S. W. 474, 485; *First Nat. Bank* v. *Winters,* 151 N. Y. S. 332, 335; *Barringer* v. *Deal,* 164 N. C. 246, 80 S. E. 161 [slander]; *Henry Myers & Co.* v. *Lewis,* 121 Va. 50, 92 S. E. 988, 997; *Bradley* v. *Cramer,* 66 Wis. 297, 28 N. W. 372, 375; *Lorentz* v. *Thiesen,* 140 La. 663, 73 So. 717; *First Nat. Bank* v. *Winters,* 159 N. Y. S. 923; *Smith* v. *Lyons,* 142 La. 975, 77

So. 896; *Reilly* v. *Curtiss*, 83 N. J. L. 77, 84 Atl. 199; *Williams* v. *Hicks Printing Co.*, 159 Wis. 90, 150 N. W. 183; *Turner* v. *Hearst*, 137 Cal. 232, 70 Pac. 18; *Knowlden* v. *Guardian Printing & Publishing Co.*, 69 N. J. 670, 55 Atl. 287.) *"Special*, as contradistinguished from *general* damage, is that which is the natural, but not the necessary, consequence of the act complained of." *Roberts* v. *Graham*, 6 Wall. (U. S.) 578, 579.

Where a charge is libelous *per se* general damages are presumed. (*Kahanamoku* v. *Advertiser*, 25 Haw. 701.) The general damages which the law presumes to result from the publication of defamatory matter arise by inference of law and they are not required to be proved by direct evidence. If the words are actionable *per se* such damages may be presumed without proof of special damages. (*Murphy* v. *Maui Pub. Co.*, 23 Haw. 804, 808; *Gomez* v. *Haw. Gazette Co.*, 10 Haw. 108, 109.) The presumption that the victim of defamatory language libelous *per se* has suffered general damages is not a mere fiction to be lightly disregarded. It is the common experience of mankind that injury and resulting damage is the natural, proximate and necessary result of libels which hold a subject "up to scorn and ridicule and to feelings of contempt or execration, impair him in the enjoyment of society and injure those imperfect rights of friendly intercourse and mutual benevolence which man has with respect to man." *Kahanamoku* v. *Advertiser, supra,* p. 713. Hence it is that the general damages which the law presumes where the article complained of is libelous *per se* are considered as compensatory of the resulting injury. (*Palmer* v. *Mahin, supra; Childers* v. *Mercury P. & P. Co., supra.*)

In the case of *Hanson* v. *Krehbiel*, 68 Kan. 670, 75 Pac. 1041, 1042, the court said: "General damages are those which the law presumes must naturally, proximately, and necessarily result from the publication of the libelous mat-

ter. They arise by inference of law, and are not required to be proved by evidence. They are allowable whenever the immediate tendency of the words is to impair the plaintiff's reputation, although no actual pecuniary loss had in fact resulted; and are designed to compensate for that large and substantial class of injuries arising from injured feelings, mental suffering and anguish, and personal and public humiliation, consequent upon the malicious publication of the false and libelous matter. The injury for which this class of damages is allowed is something more than merely speculative. While not susceptible of being accurately measured in dollars and cents, it is a real one, and more often than otherwise more substantial and real than those designated as actual, and measured accurately by the dollar standard."

The charges complained of in the instant case were clearly libelous *per se*. (*Kahanamoku v. Advertiser, supra; Rice v. Star-Bulletin,* 26 Haw. 196; *Baldwin v. Tribune-Herald,* 30 Haw. 610, 616; *Baldwin v. Tribune-Herald,* 32 Haw. 87.) They were presumably false. (*Kahanamoku v. Advertiser, supra,* p. 708.) The defendant, despite its answer of general denial, made no attempt of justification. On the contrary from its own evidence it appears that the charges were absolutely and unqualifiedly false. Under the circumstances the plaintiff was *prima facie* entitled, without any direct evidence of general damages, to recover substantial damages. And the court rightfully directed a verdict in favor of the plaintiff and instructed the jury that the charges being libelous *per se* "substantial damage is presumed as a matter of law."

Appellant further complains that the instruction in effect limited the jury in its consideration of damages to substantial damages only. Quite to the contrary. In addition to the instruction complained of the court also instructed the jury that the amount of damages to be

awarded rested in the sound discretion of the jury; that damages were compensatory and that it could take into consideration all circumstances of the case including those in mitigation, if any.

Generally speaking nominal damages are a small and trivial sum awarded for a technical injury due to a violation of some legal right and as a consequence of which some damages must be awarded to determine the right. (17 C. J., T. Damages, § 34, p. 714.) It is said that in libel and slander where it appears that "there is no ill will or malice on the part of defendant, and no special damages, actual injury, or pecuniary loss, * * * or where the evidence is such as would justify a plea of justification, an award for nominal damages only may be justified." 37 C. J., T. Libel and Slander, § 564, p. 115. For cases sustaining the text see *Flint* v. *Clark,* 13 Conn. 361, 369; *Estes* v. *Estes,* 75 Me. 478; *Coquelet* v. *Union Hotel Co.,* 139 Md. 544, 115 Atl. 813; *Henry* v. *Moberly,* 23 Ind. App. 305, 51 N. E. 497, 501; *Amory* v. *Vreeland,* 110 N. Y. S. 859, 861; *Rundell* v. *Butler,* 10 Wend. (N. Y.) 119; *Briggs* v. *Harrison,* 152 La. 724, 94 So. 369; *Bailey* v. *Kalamazoo Publishing Co.,* 40 Mich. 251; *Thompson* v. *Powning,* 15 Nev. 195; *Scougale* v. *Sweet,* 124 Mich. 311, 82 N. W. 1061, 1066; *Irwin* v. *Cook,* 24 Tex. 244, 245; *Buckeye Cotton Oil Co.* v. *Sloan,* 272 Fed. 615, 617.

The authorities are not in accord upon when a defendant guilty of the publication of language libelous *per se* is entitled as of right to an instruction upon nominal damages. Whether, however, in the abstract the defendant in the instant case was entitled to such instruction we deem unnecessary to decide. The sole question is whether, assuming that the defendant was entitled to an instruction upon nominal damages, the instruction requested enunciated correct principles of law. We are of the opinion that the instruction refused in its reference to the "preponderance of the evidence" incorrectly contained the implication that

it was incumbent upon the plaintiff to adduce direct evidence of actual damage or injury and to that extent neutralized the effect of the presumption of damages flowing from the character of the charges complained of. (*Hearne* v. *De Young, supra.*) As well said in *Murray* v. *Galbraith, supra,* cited with approval in *Barnett* v. *McClain, supra* (p. 416) : "Where the slanderous words are actionable per se, the plaintiff is entitled as a matter of law to compensatory damages, and is not required to introduce evidence of actual damages to entitle him to recover substantial damages. In such case the plaintiff need not prove special damages in order to recover substantial damages."

The peremptory form of the instruction was further objectionable. Assuming *arguendo* that despite the presumption of substantial damage in the absence of direct evidence of "actual damage or injury" (we take the word "injury" to be used as synonymous with "damage") a jury may, in its discretion, return a verdict for nominal damages only. It is not obliged to do so. (*Flint* v. *Clark, supra.*)

That the case went to the jury without any instruction upon nominal damages is something (assuming that the evidence warranted such an instruction) of which defendant cannot complain. In a jury case where the parties are represented by counsel in the absence of request therefor it is not incumbent upon the court to instruct the jury upon the law. (*Republic of Hawaii* v. *Edwards,* 11 Haw. 571, 575; *Sylva* v. *Wailuku Sugar Co.,* 19 Haw. 602, 609; *Territory* v. *Furomori,* 20 Haw. 344, 350; *Nawelo* v. *von Hamm-Young Co.,* 21 Haw. 644.) On the contrary under the statute it is the duty of counsel for the respective parties to the cause to furnish the court with written memoranda of their request for the charging of the jury upon the points of law involved therein. (R. L. 1935, § 3747.) It is the accepted practice in this jurisdiction for the attorneys for each side to prepare instructions calculated to elucidate to the jury the

law of the case from the viewpoint of their respective clients. (*Nawelo* v. *von Hamm-Young Co., supra.*) From the plaintiff's point of view the instruction requested by him and given by the court correctly stated the measure of damages. If, from the defendant's point of view, there was evidence entitling it to an instruction upon nominal damages, it was incumbent upon its attorney to prepare a proper request on that subject. The instruction requested by the defendant and refused by the court was apparently prepared upon the assumption that the evidence admitted of an instruction to the jury upon nominal damages and that it contained a correct statement of the law applicable thereto. Upon its refusal instead of preparing other and additional instructions eliminating the objectionable features defendant's counsel presumably determined to stand upon its instruction as requested and save the exception to the refusal of the same for the purposes of appeal. Be that as it may. The instruction enunciated incorrect principles of law, was properly refused and the action of the trial court must be affirmed.

Accordingly all the exceptions are overruled.

*W. H. Heen* and *M. K. Ashford* for plaintiff.

*Kemp & Stainback* and *S. Shapiro* for defendant.