## SIMMS v. CLARK.
### No. 2067.

Court of Appeal of Louisiana. First Circuit.
March 4, 1940.

Cline, Thompson, Lawes & Cavanaugh, of Lake Charles, for appellant.

S. I. Foster, of Leesville, for appellee.

DORE, Judge.

Plaintiff, a grade school teacher, seeks to recover from the defendant, the mother of one of her pupils, the sum of $1,000 as damages for the libel, slander and defamation of her character, good name, and fitness for her vocation of teaching, in the writing and delivering to plaintiff's principal, of the following letter:

"At Home

"Dear Mr. Temple: Please get James things out of Vernices room. She has such an ungovernable temper that I object to James ever being under she or Joy Lee. any time they would ever be over him take him out of the game or room, for I know everything Vernice has threatened to do today for she crowd it out to me. knowing all her uncles and aunt & living next door to them eight years I realise a lot of it is like steam, just has to escape to keep the boiler from blowing up & too I know three aunts on her Mothers side who were feeble minded one to the extent in one of those feeble & tanterom spells shot herself so I do hate to do or say anything in case she is loosing hers then I postivly do not want to go to that ebb. I've always loved a noble & worthy life & must continue on. I just musent ever show off for then I'd degrade myself just as Burnice does reguarly. I thank you to get James books & make the change yourself if James ever learns any where half like he is learning now under you, I'll be happy, so I am trusting you to do for me just what I'd do for you at any time, just the honest way, all I ever want in life is a fair square deal thanks & I'll be at my post of duty always.
"Mrs. Clark"

Plaintiff alleges that the letter reproduced above was written by defendant with malicious intent to hurt, harm and injure her, and without probable cause, justification or provocation, and with intent to publish the same as true; that the subject matter therein contained was false; and that the said letter was written for the purpose of scandalizing her and to bring

her in disrepute with the principal and the school board, the people of her community and those of other communities who know her.

She further alleged that defendant, besides publishing the above letter, publicly slandered her upon the streets of Leesville by stating that she was not a fit person to teach.

After trial, a judgment was rendered in favor of plaintiff for $250. From this judgment defendant has taken a devolutive appeal. A motion has been filed in this court, in answer to the appeal, to increase the award to the amount sued for.

### Exception of No Cause of Action

■ The defendant filed an exception of no cause of action in the lower court, which he again urges in this court. The exception is based on the failure of the petition to allege that the libelous statements in the letter were false to the knowledge of the defendant, citing in support of the exception the case of Dickinson v. Hathaway, 122 La. 644, 48 So. 136, 21 L.R.A.,N.S., 33, where the statement is made in the opinion that it must be alleged that the defendant knew that the defamatory statements in the letter were untrue.

However, this is not the law as was later held by the Supreme Court in the case of Brian v. Harper, 144 La. 585, 80 So. 885, in which case the court disapproved of the statement made in the Dickinson v. Hathaway case and held that the petition did not have to allege that the defendant knew the derogatory statements to be false where it is alleged that they were made without probable cause and with malice. The petition in this case not only shows that the statements were untrue and made with malice, but it also shows that they were made without any probable cause or justification. The exception was properly overruled.

### On the Merits

The evidence shows that the plaintiff is a grade teacher in the school at Leesville, and that she is a probationary teacher of the Parish of Vernon. The minor son of defendant was one of her pupils, and, because of his conduct, it became necessary for plaintiff to change him from her room to another room of the same grade but under another teacher. This change, together with some acts of correction and discipline by plaintiff towards defendant's son, incurred the displeasure of defendant, and caused the above mentioned letter to be written by defendant to the principal of the school under whom plaintiff was teaching, the letter being delivered to the principal in a sealed envelope by the defendant's son. This letter was shown to plaintiff by the principal on the day it was received.

There can be no question as to the libelous nature of the letter. To charge a school teacher with having an ungovernable temper, to infer that she is feeble-minded and to charge her with being unfit to teach, are certainly statements such as are calculated to injure a teacher in her profession and standing with the school authorities. The defendant admits making the statements and she does not attempt to prove them. On the contrary, it is shown that these statements are false and untrue.

As was said by the trial judge, there can be no doubt but that defendant was actuated by malice in making these statements about plaintiff. She had, according to a preponderance of the evidence, a telephone conversation with plaintiff in which she used rather harsh and discourteous language. The trial judge states that her demeanor on the stand indicated that her animosity had not then abated. In fact, the letter itself carries its own proof of the animosity of the writer.

■ The principal defense seems to be that the letter was written by the defendant to the principal of the school concerning the welfare of a pupil in whom both the writer and the principal had a mutual interest, and for that reason the letter was not published to the world but was a qualified privileged communication, made in good faith, and, under the doctrine announced in the case of Oakes v. Walther, 179 La. 365, 154 So. 26, and similar cases, there is no liability. The defense would have merit if it had been shown that the statements were made by defendant to the principal in good faith and in courteous language, without malice. But, as already stated, the evidence is conclusive that the statements were not made in good faith and without malice.

■ It is not necessary that the libelous statements should have been made to the public in general or to several persons, but it is sufficient if they are made to one other person, such as an employer or superior officer, and are of such a nature as would injure the person about whom they are made. Jozsa v. Moroney, 125 La. 813, 51

So. 908, 27 L.R.A.,N.S., 1041, 19 Ann.Cas. 1193; Briggs v. Harrison, 152 La. 724, 94 So. 369. The trial court was correct in holding defendant liable.

 The evidence shows clearly that the letter did not affect plaintiff's standing with the principal and the other school authorities, and plaintiff does not claim any damages for humiliation, worry, mental pain and suffering. She states that this letter caused her an "uneasiness of the mind" and "a source of deep concern". We feel, therefore, that under the circumstances of this case the judgment is excessive and should be reduced, and that an award of $50 would be ample and sufficient.

For these reasons, it is ordered, adjudged and decreed that the judgment appealed from be amended by reducing the award from $250 to the sum of $50 and as thus amended the judgment is affirmed, the costs of the district court to be paid by defendant-appellant, and the costs of this appeal to be paid by plaintiff-appellee.